## Richmond

### DAVE G. BERGMANN

### V.

### L & W DRYWALL AND SELECTED RISKS INSURANCE COMPANY

June 12, 1981.

Record No. 801267.

Present: All the Justices.

*John H. Klein (Breit, Rutter & Montagna,* on briefs), for appellant.

*Robert G. Winters (White, Reynolds, Smith & Winters,* on brief), for appellees.

PER CURIAM:

Dave G. Bergmann (claimant) appeals from the July 14, 1980 decision of the Industrial Commission which dismissed his claim for compensation benefits under the Virginia Workmen's Compensation Act.

Bergmann was injured on October 21, 1978, while in the employ of L & W Drywall (employer). As Bergmann stepped down from a workbench, he suffered a lumbosacral strain to his back. This disability prevented Bergmann from performing the heavy physical labor required of a dry wall hanger. Following this injury, Bergmann was afflicted with a non-occupational neurological disorder diagnosed as a probable mild atypical post infectious neuritis.

On March 12, 1979, the Commission entered an award approving a memorandum agreement between claimant, the employer, and its carrier, Selected Risks Insurance Company. This award provided for payment of compensation at the rate of $187.00 per week, beginning October 27, 1978, and continuing for the duration of claimant's incapacity.

On May 18, 1979, the employer applied for a hearing before the Commission, alleging that the claimant could not be located. This hearing was conducted in the absence of the claimant on July 25, 1979. One of the commissioners suspended compensation, effective April 15, 1979.

Subsequently, the claimant applied for reinstatement of the weekly compensation. A hearing was held before a deputy commissioner, and on January 30, 1980, he reinstated benefits effective November 6, 1979.

The carrier sought review of the January opinion, and the case was heard by the full Commission. In its opinion of April 15, 1980, the Commission vacated the award of January 30, 1980, and remanded the case to the hearing docket for additional medical evidence regarding the claimant's work capacity.

The additional medical evidence consisted of a report by claimant's neurologist dated June 18, 1980, and a report dated May 30,

1980, by an orthopedist selected by the carrier to examine the claimant. The neurologist reported that the claimant suffered from a neurological disability caused by both his injury and the non-job-related illness. The orthopedist concluded that the claimant did not have an orthopedic disability.

In an opinion dated July 14, 1980, the Commission dismissed Bergmann's claim and denied further benefits, stating that "where the claimant's disability is related to two causes, one of which is compensable and the other of which is not, the compensation may not be awarded." As support for this rule, the Commission cited *Southall, Adm'r.* v. *Reams, Inc.*, 198 Va. 545, 95 S.E.2d 145 (1956), and *Virginia Electric and Power Co.* v. *Quann*, 197 Va. 9, 87 S.E.2d 624 (1955).

The Commission, in deciding this case, confused two rules of law, combining them into one erroneous statement. The cases cited by the Commission stand for the proposition that a claimant must prove his case by a preponderance of the evidence. *Southall*, 198 Va. at 548-49, 95 S.E.2d at 147-48; *Quann*, 197 Va. at 15-16, 87 S.E.2d at 627-28. "If the evidence shows that it is just as probable that the disability resulted from a cause which is not compensable, as it is that it resulted from one which is compensable, the claimant has not sustained the burden of proof." *Southall*, 198 Va. at 548-49, 95 S.E.2d at 147-48. See also *Carter* v. *Hercules Powder Co.*, 182 Va. 282, 288, 28 S.E.2d 736, 738 (1944), and *A. N. Campbell & Co.* v. *Messenger*, 171 Va. 374, 379, 199 S.E. 511, 514 (1938).

The second rule refers to the case where a disability has two causes: one related to the employment and one unrelated. When it is proven that the employment is a contributing factor to the disability, full benefits will be allowed. 1.A. Larson *Workmen's Compensation*, § 7.40 (1978).

In the instant case, it is unclear whether the Commission held that Bergmann's continuing disability was not work-related, or if it erroneously denied him benefits for a disability that had both a work-related and a personal cause. Given the confusion, we are of opinion that the parties should have the opportunity to present additional evidence and arguments.

Therefore, the case will be reversed and remanded for further proceedings consistent with the views expressed herein.

*Reversed and remanded.*