**Salem**

CARLTON G. SHELTON

v.

ENNIS BUSINESS FORMS, INC., et al.

No. 0050-85

Argued June 5, 1985

Decided September 3, 1985

COUNSEL

Robert E. Evans, for appellant.

James A. L. Daniel (Meade, Tate & Daniel, on briefs), for appellee.

OPINION

**BARROW, J.**—Carlton G. Shelton (claimant) appeals from a decision of the Industrial Commission denying an award for compensation benefits under the Virginia Workers' Compensation Act. We remand for further proceedings because of the Commission's possible misapplication of a rule of law.

While at work, the claimant moved a heavy floor jack and immediately suffered pain in his right shoulder. He had previously suffered a rotator cuff tear in the same shoulder, which he had not claimed to be work-related. His physician, Dr. Robert R. Bowen, had operated on his shoulder after the first rotator cuff tear and reported that he "completely repair[ed] the tear of the rotator cuff . . . At the time of surgery the rotator cuff seemed to be within normal limits." Claimant returned to work on the advice of his physician and had been placed on light duty work when he moved the heavy floor jack.

Claimant was then treated by Dr. William E. Albers who diagnosed a rotator cuff tear and found claimant disabled. Dr. Albers, in his report, stated:

"[t]his rotator cuff tear is clearly a job related condition . . . [R]otator cuff tears are wear and tear phenomena . . . [A]n injury, as such, is usually the straw that [breaks] the camel's back causing the tear, but the wear and tear of the past is more responsible than the injury for the fact that the tear recurs."

The Commission found that claimant failed to carry his burden of proof in establishing an injury by an industrial accident. How-

ever, in its opinion, the Commission concluded that it could not find "that the claimant's disability [was] the result of the one incident" with the floor jack and denied compensation.

This conclusion suggests that the Commission may have confused two rules of law: the "two causes" rule and the "just as probable" rule. *See Smith v. Fieldcrest Mills, Inc.,* 224 Va. 24, 28-29, 278 S.E.2d 805, 807-08 (1981); *Bergmann v. L & W Drywall,* 222 Va. 30, 32, 278 S.E.2d 801, 802-03 (1981). Under the "two causes" rule if a disability has two causes, one related to employment and one unrelated, benefits are allowed. *Id.* On the other hand the "just as probable" rule denies compensation for failure of a claimant to sustain the burden of proof where it is just as probable that the disability resulted from a work-related cause as from a non-work-related cause. *Id.*

By requiring claimant to prove his disability was caused by *"one* incident" (emphasis added), the Commission may have erroneously applied the "two causes" rule. Therefore, we are of the opinion that this case should be remanded to permit the parties to present additional evidence and arguments.

Since this case must be remanded for further proceedings, we mention an additional concern. The Commission's opinion described the precautions the employer took before allowing the claimant to return to work and concluded:

> His employer exercised every reasonable precaution in returning him to work . . . . This not withstanding, the claimant alleges injury while attempting to perform work far beyond his physical capabilities.

Negligence, either claimant's or his employer's, is immaterial in determining the right to recover under the Workmen's Compensation Act. *Farmers Manufacturing Co. v. Warfel,* 144 Va. 98, 105, 131 S.E. 240, 242 (1926); *Griffith v. Raven Red Ash Coal Co.,* 179 Va. 790, 796, 20 S.E.2d 530, 533 (1942). Thus, the employer's precautions should not have been considered in determining if a disability is compensable.

This case will be reversed and remanded for further proceedings consistent with the view expressed herein.

*Reversed and remanded.*

Coleman, J., and Duff, J., concurred.