COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis

PETER O. RIDGWAY

v.   Record No. 1353-95-1                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
LILLIAN VERNON CORPORATION                   NOVEMBER 7, 1995
AND
HARTFORD FIRE INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Peter O. Ridgway, pro se, on briefs).

              (Mary Louise Kramer; Jennifer G. Marwitz; Sands,
              Anderson, Marks & Miller, on brief), for appellees.


     Peter O. Ridgway contends that the Workers' Compensation

Commission erred in finding that he failed to prove that his left

foot Morton's neuroma was causally related to his compensable

November 8, 1993 injury by accident.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     In denying compensation to Ridgway for his left foot

condition, the commission found:
          [T]he evidence simply does not predominate in
          establishing that [Ridgway's] probable
          Morton's neuroma was probably caused by [his]
          November 1993 accident or subsequent problems
          related to this accident.  At most, Dr. Payne
          has indicated that [Ridgway's] "suggested"
          Morton's neuroma "could be" traumatic in
          nature and related to [his] compensable
          injury.  Likewise, as noted by the Deputy

─────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> Commissioner, Dr. Williamson's physicians
> assistant did not set forth an opinion of a
> physician that [Ridgway's] foot pain was most
> likely secondary to [his] compensable knee
> condition.  The note from the physician's
> assistant simply does not advise whose
> opinion it was that [Ridgway's] pain was most
> likely related to persistent gait changes.
> We are not free to speculate in this regard,
> and accordingly, at most [Ridgway's] evidence
> amounts to a statement of possibility rather
> than probability.

When the commission's findings are supported by credible evidence, those findings are conclusive and binding on appeal. Ross Laboratories v. Barbour, 13 Va. App. 373, 377-78, 412 S.E.2d 205, 208 (1991).

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "If the evidence shows that it is just as probable that the disability resulted from a cause which is not compensable, as it is that it resulted from one which is compensable, the claimant has not sustained his burden of proof."  Bergmann v. L&W Drywall, 222 Va. 30, 32, 278 S.E.2d 801, 802 (1981).

The commission's finding that none of Ridgway's physicians opined that his Morton's neuroma was probably caused by his November 1993 injury by accident is supported by the medical records.  Dr. Payne's opinion was couched in terms of possibilities rather than probabilities.  In addition, the commission was entitled to give little weight to the opinion in a June 1, 1994, office note from Paul Versage, Dr. Williamson's

2

physician's assistant, because Versage did not clearly identify the source of the opinion.[1]  A claimant's proof of the required causal connection must go beyond mere conjecture.  Southall v. Eldridge Reams, Inc., 198 Va. 545, 548, 95 S.E.2d 145, 147 (1956).

Credible evidence in the record supports the commission's finding that Ridgway failed to meet that burden of proving that his Morton's neuroma was causally related to his compensable injury by accident.  Accordingly, we affirm the commission's decision.

Affirmed.

---

[1] We do not consider Versage's March 9, 1995 letter, which Ridgway included in the appendix and relied upon in his brief. Ridgway neither presented this medical report to the deputy commissioner nor sought its consideration as after-discovered evidence before the full commission on review.

3