COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Annunziata and Overton
Argued at Alexandria, Virginia


FINCH WESTON DUFFY

v.   Record No. 0945-95-4

COMMONWEALTH OF VIRGINIA/
 DEPARTMENT OF STATE POLICE

THOMAS MORTIMER GALLOWAY
                                          OPINION BY
v.   Record No. 0978-95-4      JUDGE ROSEMARIE ANNUNZIATA
                                        APRIL 9, 1996
COMMONWEALTH OF VIRGINIA/
 DEPARTMENT OF STATE POLICE

WESLEY JAMES HUDSON

v.   Record No. 0938-95-4

COMMONWEALTH OF VIRGINIA/
 DEPARTMENT OF STATE POLICE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Michael A. Kernbach (Jack T. Burgess; Jack T.
               Burgess & Associates, P.C., on briefs), for
               appellants.

               Peter R. Messitt, Senior Assistant Attorney
               General (James S. Gilmore, III, Attorney
               General; Catherine S. Hammond, Deputy
               Attorney General; Gregory E. Lucyk, Senior
               Assistant Attorney General; James P. Wheeler,
               Assistant Attorney General, on briefs), for
               appellee.

               Amicus Curiae: Fraternal Order of Police,
               Virginia State Lodge (Malcolm Parks, III;
               Susan Elaine Sieger; Maloney, Barr &
               Huennekens, on briefs), for appellants.


          The deputy commissioner awarded wage and medical benefits to

Finch Weston Duffy, Thomas Mortimer Galloway, and Wesley James

Hudson (collectively "claimants"), concluding that employer, Commonwealth of Virginia/Department of State Police ("employer"), failed to rebut the presumption provided claimants by Code § 65.2-402. The full commission reversed, concluding that employer was not required to exclude work-related stress as a contributing factor to the development of claimants' heart diseases. We disagree and reverse.

BACKGROUND

The evidence in each case was substantially the same and established the following common facts. In each case, employer did not dispute that the claimant, having satisfied the necessary predicates, was entitled to the presumption provided by Code § 65.2-402(B).[1] Each claimant testified regarding the stress associated with his work as a state trooper. Prior to their heart attacks, all three claimants had been smokers, and each had a medical history that included one or more of the following conditions: (1) hypertension; (2) high cholesterol; (3) family history of heart disease; (4) diabetes; and (5) obesity.

---

[1] Code § 65.2-402(B) provides, in part, that

[h]ypertension or heart disease causing . . . any health condition or impairment resulting in total or partial disability of . . . (ii) members of the State Police Officers' Retirement System, . . . shall be presumed to be occupational diseases, suffered in the line of duty, that are covered by this title unless such presumption is overcome by a preponderance of competent evidence to the contrary.

- 2 -

Dr. Richard A. Schwartz testified by deposition for each claimant. According to Dr. Schwartz, who first addressed the issues generally, the most relevant inquiry with regard to heart disease is identification of the factors that accelerate the process. Dr. Schwartz stated that multiple factors correlate to the development of coronary artery disease and that there is no single etiologic cause. He described the following, generally accepted, correlative factors: (1) cholesterol; (2) smoking; (3) stress; (4) blood pressure; (5) inactivity; and (6) intercurrent diseases such as diabetes. Dr. Schwartz assigned equal contributive weight to each of the factors but noted that the presence of any, or all, of the factors would not necessarily produce heart disease. For this reason, Dr. Schwartz testified that the factors can only be considered correlative, not causal. Moreover, when a patient exhibits more than one factor, it is impossible to isolate any single factor and apportion it greater contributive weight. Dr. Schwartz further testified that smoking does not cause heart disease. Rather, according to Dr. Schwartz, the generally accepted opinion is that smoking only correlates with heart disease.

Dr. Schwartz's testimony with respect to each claimant was based on his review of the medical records and his examination of the claimant. Dr. Schwartz identified a combination of risk factors contributing to each claimant's condition. In each case, job stress was identified as one contributing risk factor,

together with at least one of the following factors: (1) hypertension; (2) smoking; and (3) diabetes. Dr. Schwartz testified that job stress correlates with the disease process as do the other factors, and he could not isolate the effect of a claimant's job stress relative to any of the other factors. While Dr. Schwartz identified the specific risk factors which, in his opinion, contributed to the heart disease in each claimant's case, he was unable to say what actually caused it.

At employer's request, Dr. Robert M. Bennett reviewed claimants' medical records. However, Dr. Bennett did not conduct a physical examination of claimants. Dr. Bennett testified generally that the following are the major risk factors associated with the development of coronary atherosclerosis: (1) family history; (2) hypertension; (3) diabetes; (4) smoking; and (5) cholesterol. Dr. Bennett testified that job stress is also a risk factor but not a major one. Dr. Bennett identified a combination of factors specifically contributing to each claimant's heart disease, including in each case at least three of the following: (1) high cholesterol; (2) smoking; (3) hypertension; (4) family history; and (5) diabetes.

In Duffy's case, Dr. Bennett testified that smoking and cholesterol caused Duffy's heart disease. However, Dr. Bennett continually referred to these risk factors as contributing or correlating to the development of Duffy's heart disease. In Galloway's case, Dr. Bennett testified that Galloway's heart

- 4 -

disease was caused by smoking, cholesterol, and family history. However, he later admitted that he could not determine which factor actually caused Galloway's condition and that the factors could only be considered correlative. In Hudson's case, Dr. Bennett did not testify that the risk factors Hudson exhibited caused his heart disease. Rather, he referred to the risk factors as contributors and described a person who exhibited such risk factors as more likely to develop heart disease. Although Dr. Bennett maintained that smoking causes heart disease, he admitted that not all smokers develop heart disease.

Dr. Bennett testified that each claimant would have developed heart disease even had he not been a police officer. However, he had not reviewed their job descriptions. For that reason, he could not address the extent to which job stress contributed to the development of claimants' heart diseases. Furthermore, Dr. Bennett could not exclude job stress as a factor contributing to the development of each claimant's heart disease.

In each case, both the deputy commissioner and the full commission found that employer's evidence failed to exclude work-related stress as a contributing factor to the development of claimants' heart diseases. The parties do not dispute that finding. The full commission reversed the deputy commissioner's awards, concluding that employer was not required to exclude work-related stress to rebut the presumption. The commission's determination of this question is one of law and not binding on

appeal.  See, e.g., City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985).

ANALYSIS

The purpose of the presumption provided by Code § 65.2-401(B) is to establish a causal connection between, inter alia, disability from heart disease and the occupation of a state trooper.  Page v. City of Richmond, 218 Va. 844, 847, 241 S.E.2d 775, 777 (1978); City of Norfolk v. Lillard, 15 Va. App. 424, 426, 424 S.E.2d 243, 244-45 (1992).  The presumption of causation provided by Code § 65.2-402(B) is "overcome by a preponderance of evidence to the contrary," and, "[i]n the absence of competent evidence to the contrary, the statutory presumption controls and the claimant prevails."  Lillard, 15 Va. App. at 426, 424 S.E.2d at 245.  The law is well settled that

> [i]n order to rebut the presumption, it is
> not sufficient that the employer merely
> adduce evidence that the heart disease was
> not caused by the employment; the employer
> must establish by competent medical evidence
> a non-work-related cause to rebut or overcome
> the statutory presumption that causation
> exists.

Fairfax Co. Fire and Rescue Dep't v. Mitchell, 14 Va. App. 1033, 1036-37, 421 S.E.2d 668, 670-71 (1992) (citing Virginia Dep't of State Police v. Talbert, 1 Va. App. 250, 253, 337 S.E.2d 307, 308 (1985)); see also Page, 218 Va. at 848, 241 S.E.2d at 777.  The issue here is whether the employer must establish a non-work-related cause to the exclusion of work-related factors.

In Mitchell, this Court held that where the employer's

- 6 -

"rebuttal evidence fail[s] to exclude a work-related factor as a cause of the heart disease, the finding of the commission that the employer failed to rebut the presumption in claimant's favor is conclusive and binding on appeal." Mitchell, 14 Va. App. at 1034, 421 S.E.2d at 669; see also Talbert, 1 Va. App. at 253, 337 S.E.2d at 308; County of Amherst v. Brockman, 224 Va. 391, 399, 297 S.E.2d 805, 809-10 (1982) (commission's award affirmed if rebuttal evidence does not exclude stress as possible "contributing cause"). Here, employer presented significant evidence of non-work-related factors which may have contributed to the claimants' conditions, but it did not exclude the claimants' work as a contributing factor.

Employer argues, and the commission concluded, that Mitchell does not require the employer to exclude work-related factors to rebut the presumption. Rather, employer contends Mitchell establishes a rule of appellate review; viz, that the Court of Appeals cannot reverse an award where the employer fails to exclude work as a contributing factor to the claimant's condition.

However, the rule the commission applied in this case and which employer urges we should affirm, ignores and conflicts with other well established principles governing the proof of causation in workers' compensation cases. We can identify no decision or policy which would warrant excluding the application of these principles here.

In proving causation in a workers' compensation case where the evidence demonstrates two or more potential causative factors, one of two conclusions follows.  Either, a combination of factors contributed to cause the disability; or, one of the factors caused the disability to the exclusion of the others.

The "two causes rule" addresses those cases "where a disability has two causes: one related to the employment and one unrelated."  Smith v. Fieldcrest Mills, Inc., 224 Va. 24, 28, 294 S.E.2d 805, 808 (1982) (quoting Bergmann v. L & W Drywall, 222 Va. 30, 32, 278 S.E.2d 801, 803 (1981)); see also Shelton v. Ennis Business Forms, 1 Va. App. 53, 55, 334 S.E.2d 297, 299 (1985).  Under the two causes rule, "full benefits [are] allowed when it is shown that `the employment is a contributing factor.'"  Smith, 224 Va. at 28-29, 294 S.E.2d at 808 (quoting Bergman, 222 Va. at 32, 278 S.E.2d at 803); see also Shelton, 1 Va. App. at 55, 334 S.E.2d at 299.  The "more probable than not rule," addresses those cases where only one of a number of possible factors caused the disability.  See id.  Under the more probable than not rule, for the disability to be compensable, it must be more probable than not that it was caused by the work-related factor.  Id.  That is, a preponderance of evidence must show that work was the cause of the disability.  Id.

As in Smith and Bergmann, the evidence in this case proved that a number of factors contributed to the development of claimants' conditions.  Under the "two causes" rule, causation,

and therefore compensability, is established when it is shown that work contributed to the disability.  For this reason, we hold that in a case where the evidence demonstrates that multiple factors, including job stress, contributed to the development of a police officer's heart disease, the employer must exclude work-related stress as a contributing factor to rebut the presumption of causation.

Here, both the deputy commissioner and the full commission found that employer's evidence failed to exclude job stress as a contributing factor.  Cf. Doss v. Fairfax County Fire Dept., 229 Va. 440, 441-42, 331 S.E.2d 795, 795-96 (1985) (employer's evidence established a non-work-related cause to the exclusion of work-related factors); Cook v. City of Waynesboro, 225 Va. 23, 28-30, 300 S.E.2d 746, 748-49 (1983) (same).

Accordingly, the commission's decisions are reversed, and the cases are remanded to the commission for entry of awards consistent with this decision.

Reversed and remanded.