COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

WASHINGTON COUNTY SHERIFF'S DEPARTMENT
AND
VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION                    MEMORANDUM OPINION[*]
                                                   PER CURIAM
v.   Record No. 1187-96-3                      NOVEMBER 26, 1996

ROBERT CHARLES TURNER

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (John P. Grove; Frank K. Friedman; Woods,
            Rogers & Hazlegrove, on briefs), for
            appellants.

            (Lawrence L. Moise, III; Vinyard & Moise, on
            brief), for appellee.


        Washington County Sheriff's Department and its insurer

(hereinafter collectively referred to as "employer") contend that

the Workers' Compensation Commission erred in finding that

employer's evidence failed to rebut the statutory presumption

that Robert Charles Turner's heart attack was occupational. Code

§ 65.2-402(B). Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision. Rule

5A:27.

        Turner began working for employer as a deputy sheriff

beginning in 1977. In October 1994, employer assigned Turner the

job of jail administrator, making him responsible for all aspects

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

of the day-to-day operations of the Washington County Jail. Turner testified that during the fall of 1994, he was under more stress than usual because he had to learn how to run the jail without much assistance. On December 27, 1994, Turner suffered a myocardial infarction.

Dr. Clair Hixon, a cardiologist, examined Turner after his myocardial infarction and diagnosed Turner as suffering from coronary artery disease. Dr. Hixon testified that Turner's risk factors for developing coronary artery disease included his age, his sex, a thirty-five-year history of heavy cigarette smoking, elevated cholesterol levels, and a history of an elevated blood sugar level. Dr. Hixon opined that Turner's most important risk factor was probably his long history of cigarette smoking.

Dr. Hixon testified that stress has been implicated as a risk factor in developing heart disease, but that it is difficult to quantify its contribution to an individual's condition. He did not discuss stress with Turner and could not exclude or include occupational stress as a risk factor related to Turner's heart attack. Dr. Hixon testified, however, that stress is not a primary cause of coronary artery disease in light of other more important risk factors. Moreover, he admitted that he and Turner did not discuss Turner's specific job duties or any stress that might have been involved with his job.

Dr. Adam Steinberg, an internist, wrote that Turner's occupation, borderline diabetes, elevated cholesterol levels, and

2

cigarette smoking contributed to his "difficulties."

Code § 65.2-402 provides that "heart disease . . . resulting in total or partial disability of [a deputy sheriff] . . . shall be presumed to be [an] occupational disease[], suffered in the line of duty, . . . unless such presumption is overcome by a preponderance of competent evidence to the contrary." Thus, to rebut the presumption, an employer must establish by competent medical evidence a non-work-related cause of the employee's heart disease, City of Norfolk v. Lillard, 15 Va. App. 424, 430, 424 S.E.2d 243, 246-47 (1992), or must exclude work-related stress as a factor contributing to the employee's heart disease. Duffy v. Commonwealth of Virginia/Dept. of State Police, 22 Va. App. 245, 251, 468 S.E.2d 702, 705 (1996). Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that employer's evidence failed to rebut the statutory presumption, the commission found that the totality of Dr. Hixon's testimony established that he "consistently referred to 'risk factors' and not to cause" of the heart attack. The commission found that Dr. Hixon "was merely enumerating factors that would statistically increase the potential for heart disease in one patient as compared to another, and was not identifying actual causes of the claimant's hypertension and heart disease."

3

The commission inferred that "Dr. Hixon was merely stating that someone with the claimant's medical and social history was more vulnerable to hypertension, coronary artery disease, or a myocardial infarction, that he was more at risk of these conditions because of that history." The commission also noted that Dr. Steinberg explicitly opined that, in addition to other factors, Turner's occupation contributed to his condition.

No medical evidence proved either that a non-work-related factor caused claimant's heart disease or that work-related stress was not a contributing cause of his condition. "[T]he showing of 'risk factors' alone does not rebut the statutory presumption and does not establish competent medical evidence of a non-work-related cause of the disabling disease." Lillard, 15 Va. App. at 429, 424 S.E.2d at 246.

Accordingly, we affirm the commission's decision.

Affirmed.

4