COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


AUGUSTA COUNTY SHERIFF'S DEPARTMENT
AND
VML INSURANCE PROGRAMS                    MEMORANDUM OPINION[*]
                                             PER CURIAM
v.   Record No. 1114-96-3                 NOVEMBER 26, 1996

PATRICK L. OVERBEY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Frank K. Friedman; Elizabeth K. Dillon;
              Woods, Rogers & Hazlegrove, on briefs), for
              appellants.

              (Thomas W. Dixon, Jr.; Nelson, McPherson,
              Summers & Santos, on brief), for appellee.


       Augusta County Sheriff's Department and its insurer

(hereinafter collectively referred to as "employer") contend that

the Workers' Compensation Commission erred in finding that

(1) employer's evidence did not rebut the statutory presumption

that Patrick L. Overbey's heart disease was work-related; (2) to

rebut the statutory presumption employer's evidence must exclude

work-related stress as a contributing factor in the development

of Overbey's heart disease; and (3) the "two causes" rule applied

to Overbey's claim.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

---

      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Overbey worked for employer for eight years as a deputy sheriff. During his employment, Overbey worked primarily as a civil process server. Overbey served approximately thirty to thirty-five papers per day. In addition to his civil process server duties, Overbey occasionally responded to emergency alarm calls and domestic violence calls.

Overbey's testimony established that in the course of his job he suffered from an increased level of stress, which caused physical symptoms such as a rapid heartbeat, an adrenaline rush, and exhaustion. Overbey attributed this high level of stress to the volume of his work, the difficulty he experienced in trying to locate people, and the dogs he encountered two to three times per week.

During the morning of January 31, 1995, Overbey felt chest pains while at work. Later that evening, while working as a security officer at a high school basketball game, Overbey again felt chest pains. He was taken to the hospital and diagnosed as having suffered a myocardial infarction.

Dr. David B. Chernoff, Overbey's family physician, who is not a cardiac specialist, testified that there was no "single etiologic cause" for Overbey's heart attack. Dr. Chernoff stated that all of Overbey's risk factors, including smoking, an elevated cholesterol level, a family history of heart disease, and diabetes, contributed to cause his heart attack. While acknowledging that stress can be a factor in causing a heart

2

attack, Dr. Chernoff could not quantify its role. Although Dr. Chernoff stated that Overbey's employment was not a risk factor or cause of his heart disease, Dr. Chernoff was not aware of Overbey's specific job duties. On cross-examination, Dr. Chernoff admitted, however, that stress, in combination with his other risk factors, may have played a role in causing Overbey's heart attack.

Code § 65.2-402 provides that "heart disease . . . resulting in total or partial disability of [a deputy sheriff] . . . shall be presumed to be [an] occupational disease[], suffered in the line of duty, . . . unless such presumption is overcome by a preponderance of competent evidence to the contrary." Thus, to rebut the presumption, an employer must establish by competent medical evidence a non-work-related cause of the employee's heart disease. City of Norfolk v. Lillard, 15 Va. App. 424, 430, 424 S.E.2d 243, 246-47 (1992). Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission found that employer failed to rebut the statutory presumption because employer's evidence did not exclude work-related stress as a possible contributing cause of Overbey's heart disease. Dr. Chernoff admitted that stress may have played a role, in combination with Overbey's other risk factors, in

3

causing Overbey's heart attack. However, Dr. Chernoff acknowledged that he did not know Overbey's specific job duties.

The commission made the following findings:

> [Overbey] testified to the stress of his job. Dr. Chernoff testified that he did not know what [Overbey's] job duties entailed. Without knowing [Overbey's] job duties and the possible stressors associated with the job, Dr. Chernoff's testimony that the employment was not a risk factor does not negate the possibility that job stress was a risk factor.

This case is controlled by our decision in Duffy v. Commonwealth of Virginia/Dept. of State Police, 22 Va. App. 245, 468 S.E.2d 702 (1996). In Duffy, we held that "in a case where the evidence demonstrates that multiple factors, including job stress, contributed to the development of a police officer's heart disease, the employer must exclude work-related stress as a contributing factor to rebut the presumption [provided in Code § 65.2-402(B)]." Id. at 251, 468 S.E.2d at 705.

Overbey's testimony established that he suffered from work-related stress. The record lacks persuasive evidence excluding work-related stress as a contributing cause of Overbey's heart disease. Thus, we cannot find as a matter of law that employer's evidence rebutted the statutory presumption.

In Duffy, we discussed the applicability of the "two causes" rule to a case involving the statutory presumption contained in Code § 65.2-402(B). 22 Va. App. at 251, 468 S.E.2d at 705. Nothing in the commission's decision conflicts with our

4

discussion in <u>Duffy</u>.   Therefore, we find no merit to employer's assertion that the commission improperly applied the "two causes" rule to this case.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

5