COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


JAMES CITY COUNTY FIRE DEPARTMENT
AND
VIRGINIA MUNICIPAL GROUP SELF
 INSURANCE ASSOCIATION

                                        MEMORANDUM OPINION[*]
v.    Record No. 1647-96-4                  PER CURIAM
                                         JANUARY 7, 1997
MICHAEL J. THOMAS, DECEASED
AND
MELANIE THOMAS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (William L. Dudley; Jimese L. Pendergraft;
                Knight, Dudley, Clarke & Dolph, on brief),
                for appellants.

                (Michael A. Kernbach, on brief), for
                appellee.



        James City County Fire Department and its self-insurer

(hereinafter collectively referred to as "employer") contends

that the Workers' Compensation Commission ("commission") erred in

finding that employer's evidence failed to rebut the statutory

presumption available to Michael J. Thomas, deceased ("the

decedent"), under Code § 65.2-402(A).  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

        Code § 65.2-402(A) provides a rebuttable presumption that,

absent a preponderance of competent medical evidence to the

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

contrary, a causal connection exists between a firefighter's death caused by a respiratory disease and his or her employment. Unless we can say as a matter of law that employer's evidence rebutted the statutory presumption, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The decedent worked for employer for seventeen years as a firefighter. He died of lung cancer at age forty. During his employment, the decedent was exposed to numerous toxic substances and fumes. Dr. Susan M. Daum opined that the decedent's cigarette smoking and his occupational exposures caused his disease. Dr. Daum opined that the decedent's cigarette smoking was not the primary cause of the development and acceleration of his lung cancer, but that in order to have developed the disease at age forty, the decedent had a marked interaction of heavy exposures to environmental or occupational carcinogens. A pathology report from Williamsburg Community Hospital indicated the presence of scarring or pleural thickening on the decedent's lungs, which appeared to be due to exposure to asbestos fibers. Dr. Thomas L. Munzel opined that he could not rule out a synergistic effect between the decedent's occupational exposures to toxic fumes and his premature development of and death from lung cancer. Dr. Jack Freund opined that the decedent's lung cancer was caused by his excessive and prolonged cigarette smoking.

Based upon this record, the commission held that employer failed to present evidence which excluded the role of work-related toxic exposures in the premature development of decedent's fatal lung cancer. In so ruling, the commission relied upon the opinions of Drs. Daum and Munzel and rejected Dr. Freund's opinion. Virginia Dep't of State Police v. Talbert, 1 Va. App. 250, 253, 337 S.E.2d 307, 308 (1985) (findings of the commission based on conflicting medical opinions, if credible, are conclusive and binding on appeal).

This case is controlled by our decision in Duffy v. Commonwealth of Virginia/Dept. of State Police, 22 Va. App. 245, 468 S.E.2d 702 (1996). In Duffy, we held that "in a case where the evidence demonstrates that multiple factors, including job stress, contributed to the development of a police officer's heart disease, the employer must exclude work-related stress as a contributing factor to rebut the presumption [provided in Code § 65.2-402(B)]." Id. at 251, 468 S.E.2d at 705. Analogizing the rule set forth in Duffy to the facts of this case involving a firefighter's respiratory disease, we find that, based upon the opinions of Drs. Munzel and Daum, the commission did not err in ruling that employer's evidence failed to exclude work-related factors as a cause of the decedent's lung cancer. In its role as fact finder, the commission was entitled to reject Dr. Freund's opinion. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co.,

3

8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Because employer's evidence failed to exclude work-related exposure as a cause of the decedent's disease, we cannot say as a matter of law that employer's evidence rebutted the statutory presumption provided under Code § 65.2-402(A).  Accordingly, we affirm the commission's decision.

Affirmed.