COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


CITY OF RICHMOND FIRE &
 EMERGENCY SERVICES

                                        MEMORANDUM OPINION[*]
v.   Record No. 1916-96-2                  PER CURIAM
                                         JANUARY 28, 1997
CARL D. SHULER


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Ruth Nathanson; Midkiff & Hiner, on brief),
            for appellant.

            (Louis D. Snesil; McDonald & Snesil, on
            brief), for appellee.


        City of Richmond Fire & Emergency Services (employer)

contends that the Workers' Compensation Commission erred in

finding that employer's evidence failed to rebut the statutory

presumption that Carl D. Shuler's heart disease was occupational.

 Code § 65.2-402(B).  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

        Shuler, age fifty-six, worked thirty years as a firefighter

for employer.  In addition to fighting fires, his job duties

involved responding to ambulance calls in life-threatening

situations.  Shuler described his job duties as stressful.

        On June 12, 1995, while mopping the fire station floor,

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Shuler suffered a heart attack. He was admitted to the hospital for emergency cardiac catheterization and a coronary artery bypass.

In response to employer's insurer's questions, Dr. Harold J. Levinson reported that Shuler had atherosclerotic coronary artery disease. Dr. Levinson opined that the probable cause of Shuler's heart condition was hypertension, hypercholesterolemia, and smoking. Dr. Levinson also opined that Shuler's "hypertension could in some way be related to his employment." He further stated that "[e]xcept for the fact that [Shuler's] work is stressful, I could not say with assurity that the disease is work related."

Dr. Milan P. Krickovic also opined that the probable cause of Shuler's coronary artery disease was tobaccoism, hypertension, and hypercholesterolemia. He reported that "[r]egarding the risk factor relationship to employment--there is no relationship to his employment for tobaccoism or hypercholesterolemia, but work-induced stress could have aggravated his hypertension." Dr. Krickovic opined that he could rule out work as the probable cause of Shuler's "arteriosclerotic coronary heart disease."

After reviewing Shuler's medical records at employer's request, Dr. Michael L. Hess reported that the five major risk factors for accelerated coronary artery disease are hypercholesterolemia, hypertension, cigarette smoking, diabetes, and a positive family history. Dr. Hess opined that "[i]t is

2

extremely unlikely that any stress associated with [Shuler's] job as a fireman contributed to the development of his coronary artery disease."  Dr. Hess stated that Shuler's significant cigarette smoking, his hypercholesterolemia, and his positive family history represent the etiology of his coronary artery disease.

Code § 65.2-402 provides that "heart disease . . . resulting in total or partial disability of [a firefighter] . . . shall be presumed to be [an] occupational disease[], suffered in the line of duty, . . . unless such presumption is overcome by a preponderance of competent evidence to the contrary."  Shuler established prima facie entitlement and invoked the presumption when he proved his occupation as a firefighter and the occurrence of disability caused by one of the diseases identified by Code § 65.2-402.  Fairfax Co. Fire & Rescue Dep't v. Mitchell, 14 Va. App. 1033, 1035, 421 S.E.2d 668, 670 (1992).  "The presumption shifts the burden of going forward with the evidence . . . to his employer."  Id.  To rebut the presumption, an employer must establish by "a preponderance of competent evidence" a non-work-related cause of the employee's heart disease.  Code § 65.2-402.  See also City of Norfolk v. Lillard, 15 Va. App. 424, 430, 424 S.E.2d 243, 246-47 (1992).  Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173

3

S.E.2d 833, 835 (1970).

In holding that employer failed to rebut the presumption, the commission relied upon the opinions of Drs. Levinson and Krickovic. Drs. Levinson and Krickovic both stated that job stress may have contributed to Shuler's hypertension, and they both identified hypertension as a probable cause of Shuler's coronary artery disease. As correctly noted by the commission, compensability is established under the "two causes" rule, when evidence proves that work is a contributing cause of the disability, even if other causes also contribute. See Duffy v. Commonwealth, 22 Va. App. 245, 251, 468 S.E.2d 702, 705 (1996). In light of the opinions of Drs. Levinson and Krickovic and the lack of evidence that Shuler had heart disease before he began his stressful employment, the commission, in its role as fact finder, was entitled to give little weight to the contrary opinion of Dr. Hess. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Accordingly, we affirm the commission's decision.

Affirmed.