COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Willis
Argued at Salem, Virginia


STATE FARM INSURANCE COMPANY
 and CONTINENTAL INSURANCE COMPANY
                                   MEMORANDUM OPINION* BY
v.       Record No. 2646-96-3      JUDGE SAM W. COLEMAN III
                                        JULY 1, 1997
EARL WAYNE HANCOCK

           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Glenn S. Phelps (Ruth Nathanson; Midkiff &
              Hiner, P.C., on brief), for appellants.

              Richard M. Thomas (Rider, Thomas, Cleaveland,
              Ferris & Eakin, on brief), for appellee.


        State Farm Insurance Company and its insurer (employer)
appeal the decision of the Workers' Compensation Commission
denying employer's application for termination of the claimant's
disability benefits on the ground that the claimant's genetic
disorder, Charcot-Marie-Tooth disease, was the sole cause of his
continued disability.  Finding no error, we affirm the
commission's decision.
        When viewed in the light most favorable to the claimant as
the prevailing party, the evidence proves that the claimant
sustained an injury by accident to his left leg.  The parties
entered into a Memorandum of Agreement granting the claimant
temporary total disability benefits for a "left sciatic contusion
-- deep vein thrombosis left leg."  Approximately two years

        * Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

later, the claimant was diagnosed with Charcot-Marie-Tooth disease, a rare hereditary disorder which is a chronic nerve tissue disease which eventually leads to muscular paralysis and atrophy. See The Sloane-Dorland Ann. Medical-Legal Dictionary 71 (1987). The employer filed a change of condition application alleging that the claimant's continuing disability was unrelated to his industrial accident.

"In an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence." Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986). Upon appellate review, questions raised by conflicting medical opinions are questions of fact to be determined by the commission. See Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). "[W]here the commission resolves the conflict in medical testimony, . . . the commission's decision is binding so long as it is supported by credible evidence." Stancill v. Ford Motor Co., 15 Va. App. 54, 58, 421 S.E.2d 872, 874 (1992).

Here, the commission's decision was based upon credible evidence in the record. Dr. Eckert, the claimant's treating physician, opined that the Charcot-Marie-Tooth syndrome was a pre-existing condition and that the claimant's "prolonged and paradoxical recovery" from his work-related injury was complicated by the syndrome. He also was of the opinion that

both the syndrome and the injury "played a part in [the claimant's] disability."  Dr. Davidson, a vascular surgeon, opined that the claimant had not sufficiently recovered from his deep vein thrombosis and sciatica to be able to perform his job. Dr. Widmeyer, an orthopedist, indicated that the claimant's residual pain was caused by a combination of the Charcot-Marie-Tooth syndrome and the deep vein thrombosis caused by his industrial accident.  Where a claimant's ongoing disability has two causes, one of which relates to employment and one unrelated, the claimant is entitled to full benefits. Bergmann v. L & W Drywall, 222 Va. 30, 32, 278 S.E.2d 801, 803 (1981).

Although several other doctors stated that the claimant's continuing disability resulted solely from the Charcot-Marie-Tooth syndrome, credible evidence supports the commission's factual finding and we are bound by that finding on appeal.  Therefore, we affirm the commission's decision.

Affirmed.