COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


COUNTY OF YORK FIRE & RESCUE and
   VIRGINIA MUNICIPAL GROUP
   SELF-INSURANCE ASSOCIATION                MEMORANDUM OPINION[*]
                                                PER CURIAM
v.    Record No. 0879-97-4                   SEPTEMBER 9, 1997

DONALD M. DINSE


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (Daniel G. Bloor; Midkiff & Hiner, on brief),
                  for appellantS.

                  (Michael A. Kernbach; Jack A. Burgess &
                  Associates, on brief), for appellee.


        County of York Fire & Rescue (hereinafter referred to as

"employer") contends that the Workers' Compensation Commission

erred in finding that (1) Donald M. Dinse, a firefighter, proved

he sustained disability causally related to his hypertension,

entitling him to the presumption contained in Code § 65.2-402(B);

(2) Dinse's hypertension did not pre-exist his employment with

employer; and (3) the employer's evidence failed to rebut the

presumption contained in Code § 65.2-402(B).  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In holding that Dinse proved he sustained disability causally related to his hypertension, the commission found as follows:

> The medical records indicate that [Dinse] was admitted to the Williamsburg Community Hospital on August 31, 1994, complaining of chest pain.  Dr. Steven Cummings diagnosed esophageal spasm, hypertension, and hyperventilation.  Dr. Cummings prescribed medication, and sent [Dinse] "home to bed."  Dr. Cummings signed a Quick-Fax Report dated August 31, 1994, indicating a diagnosis of hypertension and chest pain.  He recommended modified duty until September 7, 1994.  Approximately, six months later, on March 14, 1995, Dr. Cummings, in answering a question posed by the employer, indicated that [Dinse] had not suffered any disability from work as a result of his hypertension. We find [Dinse's] testimony and the contemporaneous medical records more persuasive, and find that [Dinse] did, in fact, suffer disability caused by his hypertension, as indicated in the Quick-Fax Report.

"Medical evidence is not necessarily conclusive, but is

2

subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Furthermore, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

The commission was entitled to accept Dr. Cummings' opinions contained in the Quick-Fax Report and to give little probative weight to his opinion rendered six months later. The Quick-Fax Report, coupled with Dinse's testimony, constitutes credible evidence to support the commission's finding that Dinse proved he suffered disability due to his hypertension. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Id.

## II.

Dinse denied ever receiving a diagnosis of hypertension before he began working for the employer. Dinse's Navy discharge examination did not contain a diagnosis of hypertension. In addition, Dinse received a pre-employment physical, which did not indicate a diagnosis of hypertension. This credible evidence supports the commission's finding that Dinse was not suffering from hypertension when he began working for the employer.

3

Therefore, Dinse was entitled to the presumption contained in Code § 65.2-402(B).

In its role as fact finder, the commission was entitled to give little probative weight to various medical records generated after Dinse's date of hire. Some of these records contained indications of a history of hypertension pre-dating Dinse's employment. However, the employer failed to produce any medical records to substantiate a diagnosis of hypertension prior to the date the employer hired Dinse.

III.

Under the circumstances of this case, "the employer must exclude work-related stress as a contributing factor to rebut the presumption [provided in Code § 65.2-402(B)]." Duffy v. Commonwealth of Virginia/Dept. of State Police, 22 Va. App. 245, 251, 468 S.E.2d 702, 705 (1996). Unless we can say as a matter of law that the employer's evidence met its burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On October 27, 1994, Dr. Cummings opined that "[Dinse's] job is definitely stressful, however, and that probably is a factor in the degree of difficulty that has been experienced in controlling his blood pressure in the past." The employer presented no evidence excluding Dinse's work as a contributing cause of his hypertension. Thus, we cannot say as a matter of

4

law that the employer's evidence rebutted the statutory presumption provided under Code § 65.2-402(B).

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>