COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


DONIS RAY COOK

                                    MEMORANDUM OPINION*
v.    Record No. 0677-02-3              PER CURIAM
                                     AUGUST 6, 2002
PACE COAL COMPANY AND
 NATIONAL UNION FIRE INSURANCE
 COMPANY OF PITTSBURGH


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (D. Edward Wise, Jr.; Arrington Schelin &
            Herrell, P.C., on brief), for appellant.

            (S. Vernon Priddy III; Patsy L. Mundy; Sands
            Anderson Marks & Miller, on brief), for
            appellees.


     Donis Ray Cook (claimant) contends the Workers'

Compensation Commission erred in finding that he failed to prove

that his post-September 2, 1999 disability was causally related

to his compensable April 15, 1999 injury by accident or its

residual effects.  Upon reviewing the record and the parties'

briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant an award of continuing temporary total disability benefits after September 2, 1999, the commission found as follows:

> Dr. [Robert W.] Walker clearly opined . . . that the claimant has been "completely" or "totally" disabled since May 22, 1999, "as well as since that time." It is not clear, however, whether Dr. Walker attributes the claimant's continuing disability to his rheumatoid arthritis, the septic arthritis in his knee resulting from the hand laceration (either independently or as an aggravation of the rheumatoid arthritis), or a combination of both. Dr. Walker also states, "it is difficult to ascertain at what point his continued disability is because of this [subsequent left knee infection] as opposed to his continued illness with a seronegative rheumatoid arthritis." Our reading of Dr. Walker's written report and testimony leads us to conclude that the claimant's injury and subsequent left knee infection resulted in total disability "for a number of weeks," but that Dr. Walker is genuinely unsure about what if any role these events play in the claimant's continuing disability. As noted by the Deputy Commissioner, it was not clear from

- 2 -

Dr. Walker's testimony why he considered the claimant totally disabled, or whether he considered the claimant totally disabled from all work or simply from his pre-injury work. Under these circumstances, we cannot conclude from Dr. Walker's opinion and testimony that he considered the claimant continuously and totally disabled from all work as of April 23, 1999, as a result of the April 15, 1999, injury by accident or its residual effects. . . . We agree with the employer that Dr. Walker's opinion supports a finding that the claimant's injury and subsequent left knee infection resulted in his total disability "for a number of weeks," and that this finding is consistent with the opinion of Dr. [J. Thomas] Hulvey that the claimant was temporarily and totally disabled until September 2, 1999.

The commission's findings are amply supported by the medical records and testimony of Dr. Walker and by Dr. Hulvey's medical reports. Claimant's argument that the commission misapplied the "two causes rule" is without merit. For the rule to apply, the evidence must have established that there were two causes for claimant's continuing disability, one related to the employment and one unrelated. See Duffy v. Commonwealth/Dep't of State Police, 22 Va. App. 245, 251, 468 S.E.2d 702, 705 (1996). Neither Dr. Walker's nor Dr. Hulvey's medical reports, testimony, or opinions established that a work-related injury or condition attributed, in whole or in part, to claimant's post-September 2, 1999 disability. Accordingly, we cannot find

as a matter of law that claimant's evidence sustained his burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.