COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Overton


TRELLIS CAFÉ RESTAURANT AND GRILL
 AND MERCHANTS OF VIRGINIA GROUP
 SELF-INSURANCE ASSOCIATION
                                        MEMORANDUM OPINION*
v.    Record No. 0499-03-1                  PER CURIAM
                                           JULY 1, 2003
JEAN B. DANO


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Arthur T. Aylward; Thomas C. Bunting;
            Midkiff, Muncie & Ross, P.C., on briefs), for
            appellants.

            (Stephen F. Forbes; Mark C. Grohler;
            Forbes & Broadwell, on brief), for appellee.


     Trellis Café Restaurant and Grill and its insurer contend

the Workers' Compensation Commission erred in finding that

(1) Jean B. Dano sustained a low back injury as a result of her

November 13, 1998 compensable injury by accident; (2) Dano

proved that she developed Chronic Regional Pain Syndrome/Reflex

Sympathetic Dystrophy (CRPS/RSD) as a result of her injury by

accident; (3) Dr. Mark Newman's opinions were credible;

(4) Dano's fall on January 14, 2001 was caused, in part, by her

compensable knee injury; and (5) Dano's January 14, 2001 fall

was causally related under the "two causes rule" to her

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

compensable knee injury.  Upon reviewing the record and the parties' briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

I.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Furthermore, we will uphold on appeal the commission's factual findings if they are supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).  "Questions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

## Low Back Injury

The commission affirmed the deputy commissioner's finding that Dano's claim associated with her low back injury was barred by the statute of limitations.  Dano did not appeal that ruling. Thus, the issue whether the commission erred when it found that Dano sustained a low back injury at the time of her compensable November 13, 1998 injury by accident is moot.  We, therefore, will not address it on appeal.

## CRPS/RSD

In ruling that Dano proved that she developed CRPS/RSD as a result of her compensable November 13, 1998 injury by accident,

- 2 -

the commission gave greater weight to the opinions of Dr. Mark Newman and Dr. Jeffrey D. Moore, the treating physicians.  In so ruling, the commission made the following findings:

> [Dano] suffered from a significant work-related injury to her left knee necessitating two surgeries.  While we recognize that the pain in [Dano's] left knee improved throughout 1999 to the point that Dr. Newman believed she could return to work with certain limited restrictions, we also note that [Dano] continued to complain of pain in her left knee from the time of her industrial accident until immediately before her fall on January 14, 2001.  In the opinion of Dr. Newman, [Dano] developed CRPS/RSD as a direct result of her work-related injury and that her CRPS/RSD caused her continued pain after her two surgeries in 1999.
>
> Dr. Newman's opinion is supported by the conclusion of Dr. Moore, another of [Dano's] treating physicians, who thought [Dano] was "dealing with a RSD process" when he referred her to Dr. Newman.  Dr. Gibson, an orthopedist, also examined [Dano] on October 5, 1999, and concluded that [she] "probably" suffered from RSD.
>
> In contrast, Dr. Ross, who examined [Dano] on behalf of the employer on October 13, 1999, questioned [Dano's] diagnosis of CRPS/RSD.  However, Dr. Ross acknowledged that there was a temperature differential between [Dano's] two limbs -- a symptom of CRPS/RSD.  Dr. Ross also did not completely rule out the possibility that [Dano] suffered from CRPS/RSD when he noted that her positive reaction to a lumbar sympathetic block "would support the diagnosis of [RSD/CRPS]."
>
> The only doctor who has definitely opined that [Dano] did not develop CRPS/RSD as a result of her injury on November 13, 1998, is Dr. Broder.  Dr. Broder never

examined [Dano]. He merely examined [her] medical records and his review of those records appears to have been selective and somewhat flawed. Moreover, while Dr. Newman's expertise is the field of pain management and thereby implies a certain degree of experience in diagnosing CRPS/RSD, Dr. Broder's area of expertise is unclear from the record.

We also reject the employer's attempt to discredit Dr. Newman's diagnosis of CRPS/RSD based upon [Dano's] alleged failure to advise Dr. Newman of her assault of 1999. Dr. Newman never testified that [Dano] did not, in fact, advise him of this incident. Instead, he testified that he did "not recall" if she did. Regardless, Dr. Newman's letter dated October 25, 1999, to Dr. Moore reflects that [Dano] did tell Dr. Newman about her assault soon after it occurred.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). In its role as fact finder, the commission was entitled to weigh the medical evidence. It did so and accepted the opinions of the treating physicians, while rejecting the contrary opinions of Dr. Ross and Dr. Broder. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). The opinions of Dr. Newman and Dr. Moore constitute credible evidence to support the commission's decision.

- 4 -

Dano's January 14, 2001 Fall

Dano testified that on January 14, 2001, immediately before she fell and broke her leg, she "had some twitching in [her] left knee, and [she] went to step down, and it didn't hold [her] weight, and [she] fell."  As fact finder, the commission accepted Dano's testimony regarding the January 14, 2001 accident as credible.  The commission also concluded that no evidence in the record established that Dano ever told anyone that she "slipped and fell down while walking on wet stairs at home."  It is well settled that credibility determinations are within the fact finder's exclusive purview.  Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

Based upon Dano's testimony and the medical evidence, the commission ruled that Dano's January 14, 2001 fall was caused, in part, by her pre-existing left knee condition.  In so ruling, the commission found as follows:

> As late as January 10, 2001, just four days before her accident, [Dano] complained of "a grinding sensation with either going up or down stairs" and "an intermittent sharp, stabbing sensation at the inferior medial portion of her patella."  These complaints of pain are consistent with [Dano's] later description of her fall.
>
> We acknowledge that [Dano's] treating physician has opined that her fall on January 14, 2001, was caused, at least in part, by a back spasm.  However, he also opined that [Dano] probably would have fallen due to the condition of her knee even

- 5 -

> if she had not suffered from back pain
> before she fell. [Dano] testified that she
> fell after she felt a back spasm <u>and</u> after
> she felt a sensation in her left knee. We
> conclude, therefore, that [Dano] fell
> because of two causes, one of which -- her
> back pain -- relates to an injury which is
> barred by the statute of limitations and one
> of which -- the pre-existing condition of
> her left knee -- was a compensable injury.

The "two-causes rule" provides that a condition which has two causes, one related to a work injury, and one not, is compensable and the treatment of that condition is the employer's responsibility. See <u>Shelton v. Ennis Bus. Forms, Inc.</u>, 1 Va. App. 53, 55, 334 S.E.2d 297, 299 (1985). In addition, the commission may consider the testimony of a claimant in determining causation. <u>Henrico County School Bd. v. Etter</u>, 36 Va. App. 437, 444, 552 S.E.2d 372, 375 (2001). Contrary to employer's argument, the "more probable than not rule" is not applicable to this case because that rule "'addresses those cases where only one of a number of possible factors caused the disability.'" <u>Id.</u> at 446, 552 S.E.2d at 376 (citation omitted).

Dano's testimony, the medical records substantiating her continuing complaints of ongoing knee pain, and Dr. Newman's opinion provide credible evidence to support the commission's finding that Dano's January 14, 2001 fall was caused, in part, by her compensable November 13, 1998 knee injury. Accordingly, that finding is binding and conclusive upon us on appeal.

II.

For these reasons, we affirm the commission's decision.

Affirmed.