**Norfolk**

VIRGINIA DEPARTMENT OF STATE POLICE, et al.

v.

NANCY K. TALBERT

No. 0581-85

Argued September 13, 1985

Decided December 3, 1985

COUNSEL

Jeffrey H. Gray (Wilcox & Savage, on brief), for appellant.

Bernard A. Gill, Jr., for appellee.

OPINION

**COLEMAN, J.**—This appeal from the Industrial Commission presents the issue whether, as a matter of law, the employer overcame the rebuttable presumption created by Code § 65.1-47.1 that the death of a police officer caused by heart disease is an occupational disease suffered in the line of duty covered by the Workers' Compensation Act. The employer, the Virginia Department of State Police, contends that the medical evidence presented to the Commission overwhelmingly established certain specific non-work-related causes of the decedent's heart disease, and further, that the medical evidence disproved that the decedent's employment contributed to cause the heart disease. The claimant, the surviving widow of the decedent-employee, asserts that the conflicting medical evidence on causation, together with

the rebuttable presumption, is sufficient to require affirmance of the Commission's award. Reviewing the evidence from the viewpoint most favorable to the prevailing party, we find that there is sufficient credible evidence to support the Commission's finding. Thus, we affirm the award.

Frank Lee Talbert, a Virginia state policeman for approximately twenty-four years, died at age fifty-three from a heart attack which occurred March 30, 1984. He worked on patrol the day before on the 3:00 p.m. to 11:00 p.m. shift, but was not on duty at the time of his death. On the morning that Frank Talbert died, he complained of chest discomfort after unusual, heavy exertion when moving furniture at a friend's home. Dr. Robert Rives Bailey, the medical examiner who was also Talbert's family physician, attributed the cause of death to acute coronary insufficiency due to severe coronary arteriosclerosis. An autopsy report indicated moderate atherosclerosis with 70% to 90% narrowing of the three coronary arteries.

In an effort to rebut the presumption that the heart attack was employment related, the employer presented the testimony of Dr. Donald Drew, a cardiologist. Dr. Drew had never examined Talbert personally but did review his medical history, including a 1982 stress test, his physician's reports and the results of the autopsy. In formulating his opinion, Dr. Drew also considered a job description of Talbert's duties, his recent work history, and the hours which Talbert worked. Reports of two other cardiologists who had also reviewed Trooper Talbert's medical records were introduced to support Dr. Drew's conclusion that Talbert's heart attack was immediately caused by the heavy exertion and that Talbert's heart disease was an ordinary disease of life which was not work-related. Dr. Drew indicated that five major "risk factors" contributed to cause Talbert's heart disease: a strong family history of heart disease, heavy cigarette smoking, slight obesity, hypertension and elevated blood sugar. Dr. Drew rated the family history and smoking as the "overwhelming" contributory causes. Dr. Drew opined that Trooper Talbert would have developed the fatal heart disease irrespective of his employment and that any stress from his work as a state trooper was "insignificant." The two other cardiologists' reports concluded that Talbert's heart disease was an ordinary disease of life, that Talbert had a number of high risk factors associated with coronary artery disease, and that

Talbert's death from heart disease was unrelated to his employment.

As a general rule, a claimant has the burden of proving by a preponderance of the evidence that his disease is occupationally related—that it arose out of and in the course of his employment. Code § 65.1-46; *Pocahontas Fuel Co.* v. *Godbey,* 192 Va. 845, 853, 166 S.E.2d 859, 864 (1951). The General Assembly, however, has accorded policemen who suffer from heart disease or hypertension preferential status by providing that if the policeman has been found free from heart disease by a prior physical examination, the heart disease shall be presumed to be an occupational disease "unless the contrary be shown by a preponderance of competent evidence." Code § 65.1-47.1. In order to rebut the presumption, it is not sufficient that the employer merely adduce evidence that the heart disease was not caused by the employment; the employer must establish by competent medical evidence a non-work-related cause to rebut or overcome the statutory presumption that causation exists. *Page* v. *City of Richmond,* 218 Va. 844, 847-48, 241 S.E.2d 775, 777 (1978). If the rebuttal evidence fails to exclude a work-related factor as causing the heart disease or if there are conflicting medical opinions as to whether the employment caused the disease, the finding of the Commission as to causation is conclusive and binding on appeal. Code § 65.1-98; *Caskey* v. *Dan River Mills, Inc.,* 225 Va. 405, 411, 302 S.E.2d 507, 510-11 (1983); *County of Amherst* v. *Brockman,* 224 Va. 391, 398-99, 297 S.E.2d 805, 809-10 (1982). We do not review the weight or preponderance of the evidence nor the credibility of the witnesses, except to consider whether there exists sufficient credible evidence to sustain the findings. *Caskey,* 225 Va. at 411, 302 S.E.2d at 510. A finding based upon conflicting expert medical opinions is one of fact which cannot be disturbed; to the extent no conflict exists between the medical opinions, the sole question to be reviewed is the legal sufficiency of the evidence to support the finding. *Eccon Construction Co.* v. *Lucas,* 221 Va. 786, 790, 273 S.E.2d 797, 799 (1981); *C.D.S. Services* v. *Petrock,* 218 Va. 1064, 1070-71, 243 S.E.2d 236, 240-41 (1978).

The claimant did not rely solely upon the presumption of occupational causation to establish that Talbert's heart disease, of which there was no prior documented evidence, was occupationally related. Dr. Robert Rives Bailey, a board certified family

practitioner and Virginia State Medical Examiner, had been Talbert's family physician since 1965 and had known him personally and worked with him professionally for almost twenty years. A stress test performed in 1982 after Talbert had experienced chest discomfort did not indicate heart disease or hypertension. Dr. Bailey testified to specific instances of job related stress which he considered to have "played a major role" in causing Trooper Talbert's heart disease and sudden death. Dr. Bailey acknowledged the presence of certain risk factors which predisposed Talbert to coronary artery disease, but explained that one major risk factor is stress, which in Talbert's situation was occupational stress that in his opinion contributed primarily to the heart disease.

The Commission found the testimony of Dr. Bailey to be persuasive in finding that the employer's medical evidence failed to rise to the preponderance necessary to rebut the presumption of causation. The Commission placed considerable weight on Dr. Bailey's opinion as treating physician for a period of almost twenty years and found his personal familiarity with the stressful aspects of Talbert's occupation, and their effect upon him, to be most convincing. The weight to be given the evidence, the credibility of witnesses, and the resolution of conflicting opinions of expert medical testimony are matters solely to be decided by the Commission. The Commission's findings are conclusive on appeal so long as they are supported by credible evidence.

The employer cites *County of Amherst* v. *Brockman,* 224 Va. 391, 297 S.E.2d 805 (1982), and argues that the rebuttal medical evidence in this case is much stronger than it was in *Brockman* and is sufficient, as a matter of law, to overcome the presumption that the cause of Talbert's heart disease was occupational. On review, we determine whether the evidence was sufficient to support the finding of fact reached by the Commission, not whether the evidence was sufficient to have supported a contrary finding. Similar to *Brockman,* in which the Supreme Court affirmed the Commission's award for the claimant based upon a finding that stress was not excluded as a possible contributing factor, this case involves rebuttal evidence from a physician, Dr. Drew, that occupational stress played an "insignificant" role in the development of Talbert's heart disease. However, even if the rebuttal evidence of the cardiologists in this case is considered more definitive than

that which was adduced in *Brockman* for the purpose of attributing the disease to non-work-related factors, the Commission, in weighing the evidence, found the testimony of Dr. Bailey sufficiently persuasive to conclude that the presumption had not been rebutted.

We cannot say as a matter of law that the Commission erred in its ruling.

Accordingly, the award to claimant is affirmed.

*Affirmed.*

Duff, J., and Hodges, J., concurred.