## Norfolk

ESTATE OF SAMUEL AVERY MONTGOMERY

v.

CITY OF PORTSMOUTH POLICE DEPARTMENT

No. 1473-86

Decided August 4, 1987

COUNSEL

William P. Williams (Evans, Williams & Wood, on briefs), for appellant.

James T. Martin, (Assistant City Attorney, Office of the City Attorney, on brief) for appellee.

OPINION

**BENTON, J.** — The Estate of Samuel Avery Montgomery appeals from a decision of the Industrial Commission holding that the City of Portsmouth Police Department introduced sufficient evidence to rebut the statutory presumption in Code § 65.1-47.1 that Montgomery's heart disease was related to his employment as a police officer.[1] For the reasons which follow, we affirm the commission's decision denying compensation benefits.

In 1969 Samuel Avery Montgomery was employed by the department as a police officer and was found to be free of heart disease. He was first admitted to a hospital in January of 1981 and treated for rapid, irregular heartbeat by Dr. Dae B. Chough, a cardiologist. Dr. Chough described Montgomery's condition as

---

[1]  Code § 65.1-47.1 provides in pertinent part as follows:
[T]he death of, or any condition or impairment of health of . . . any member of a county, city or town police department . . . caused by hypertension or heart disease, resulting in total or partial disability shall be presumed to be an occupational disease suffered in the line of duty that is covered by this Act unless the contrary be shown by a preponderance of competent evidence; provided that prior to making any claim based upon such presumption, such . . . member of a county, city or town police department . . . shall have been found free from hypertension or heart disease, as the case may be, by a physical examination which shall include such appropriate laboratory and other diagnostic studies as the appointing authority or as the governing body employing such person . . . shall prescribe and which shall have been conducted by physicians whose qualifications shall have been prescribed by such appointing authority or by such governing body.

not being "organic cardiovascular disease" and stated that Montgomery "has been completely asympotomatic in terms of cardiovascular disease." He found no evidence of hypertension but recorded that Montgomery "drinks somewhat heavy every day."

Twice in 1982 Montgomery was hospitalized because of abnormal heart rhythms. He was admitted first in February and diagnosed by Dr. Robert Mann, his personal physician, as having idiopathic cardiomyopathy, "atrial flutter, [and] atrial fibrillation secondary to" idiopathic cardiomyopathy. Dr. Mann also noted that Montgomery was "very obese" and gave him a 1,000 calorie diet plan for weight reduction. When hospitalized in December, Montgomery was again noted as being "extremely obese" and evaluated as having "possible cardiomyopathy with auricular fibrillation." He was discharged with instructions for a 1,000 calorie diet.

In January, 1983, Dr. Frank G. Lindsay, Jr., the city physician, reported that "[i]n [his] opinion [Montgomery's] heart problems are not service connected but are caused by, and are aggravated by, his marked obesity and his over indulgence in alcohol." His notes reflect that "Montgomery has gained another 3½ pounds. He now weighs 306½ pounds."

Montgomery continued to see Dr. Mann during 1984 and was admitted to a hospital in August, 1985, because of severe chest pains. During this hospitalization a pacemaker was surgically implanted. He was again diagnosed as having idiopathic cardiomyopathy and was described by Dr. Mann as "markedly obese."

In February, 1986, Montgomery filed an application for hearing before the commission alleging heart disease associated with his employment as a police officer. The deputy commissioner denied benefits, holding that Montgomery's claim was time barred because a diagnosis of heart disease was communicated to Montgomery in December, 1982. On review, the commission also denied benefits but for different reasons. The commission decided that the claim was not time barred, that Montgomery could utilize the presumption found in Code § 65.1-47.1, but that the medical evidence rebutted the presumption that the cardiomyopathy was related to his employment. Montgomery died on December 5, 1986 and his estate brings this appeal.

■ The department concedes that Montgomery may properly invoke the presumption set forth in Code § 65.1-47.1. Montgomery was a member of a city police department, and his disability was caused by heart disease. He was found to be free from heart disease by a prior physical examination conducted under the direction and control of his employer. Thus, his claim falls squarely within Code § 65.1-47.1. *See Berry v. County of Henrico*, 219 Va. 259, 264-65, 247 S.E.2d 389, 392 (1978). By operation of the statute, Montgomery's heart disease is "presumed to be an occupational disease suffered in the line of duty that is covered by [the Workers' Compensation] Act unless the contrary be shown by a preponderance of competent evidence." Code § 65.1-47.1; *see also Virginia Department of State Police v. Talbert*, 1 Va. App. 250, 253, 337 S.E.2d 307, 308 (1985).

■ In order to successfully rebut the presumption, "the employer must adduce competent medical evidence of a non-work-related cause of the disabling disease." *Page v. City of Richmond*, 218 Va. 844, 848, 241 S.E.2d 775, 777 (1978); *see also Doss v. Fairfax County Fire & Rescue Department*, 229 Va. 440, 442, 331 S.E.2d 795, 796 (1985); *Cook v. Waynesboro Police Department*, 225 Va. 23, 28, 300 S.E.2d 746, 748 (1983); *Berry v. County of Henrico*, 219 Va. at 265, 247 S.E.2d at 392. The employer fails to rebut the statutory presumption where it merely introduces evidence that the heart disease was not caused by the employment. *Virginia Department of State Police v. Talbert*, 1 Va. App. at 253, 337 S.E.2d at 308.

Among the documents included in the voluminous medical records before the commission is the report of Dr. Lindsay, stating that "[i]n [his] opinion [Montgomery's] heart problems are not service connected *but are caused by, and are aggravated by, his marked obesity and his over indulgence in alcohol*" (emphasis added). This unequivocal statement of causation constitutes competent medical evidence of non-work-related causes of Montgomery's heart disease within the meaning of the *Page* test. Furthermore, there are numerous other references in the record to Montgomery's marked obesity including the report of Dr. Moore which stated that "it is certainly recommended that [Montgomery] make every effort to reduce his present weight of 343 pounds." Finally, although not dispositive under the *Page* standard, we find relevant the fact that Dr. Mann, Montgomery's

personal physician for approximately six years, indicated in one of his reports that Montgomery's "incapacity was not incurred in the line of duty."

We disagree, therefore, with the appellant's contention that "nothing contained in [the medical] records describes or sets forth a 'non-work-related cause' of Montgomery's heart disease." Instead, we uphold the commission's decision "that the medical evidence in this record rebuts the presumption that the claimant's idiopathic cardiomyopathy is a disease condition related to his employment as a police officer and that obesity and other causes not occupational in their origins are the source of his condition."

■ Montgomery's testimony that several doctors told him that his condition was service connected does not mandate reversal of the commission's decision. Even assuming that Montgomery's testimony is evidence of a medical opinion, where there exist conflicting medical opinions as to whether the heart disease was caused by the claimant's employment, the finding of the commission as to causation is binding on appeal. *Virginia Department of State Police v. Talbert*, 1 Va. App. at 253, 337 S.E.2d at 308. Reviewing the evidence in the manner most favorable to the party who prevailed before the commission, *id.* at 252, 337 S.E.2d at 307, we conclude that the employer established by a preponderance of competent evidence a non-work related cause of Montgomery's heart disease and that Montgomery failed to produce medical evidence to prove that his condition was in fact work related. Accordingly, the decision of the commission is affirmed.

*Affirmed.*

Duff, J., and Hodges, J., concurred.