COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


RENE L. PUTNAM

v.   Record No. 2778-95-4                MEMORANDUM OPINION*
                                             PER CURIAM
SAFEWAY, INC.                            MAY 21, 1996


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (James F. Green; Ashcraft & Gerel, on
              brief), for appellant.

              (Kevin J. O'Connell; O'Connell & O'Connell,
              on brief), for appellee.



     Rene L. Putnam ("claimant") contends that the Workers'

Compensation Commission erred in finding that she failed to prove

that her employment caused her bilateral carpal tunnel syndrome.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.[1]

     A claimant must prove the existence of an occupational

disease by a preponderance of the evidence.  Virginia Dep't of

State Police v. Talbert, 1 Va. App. 250, 253, 337 S.E.2d 307, 308

(1985).  "Whether a disease is causally related to the employment

_____

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

     [1]We recognize that, in light of the Supreme Court's decision
in Steinrich Group v. Jemmott, ___ Va. ___, 467 S.E.2d 795
(1996), the commission erred in finding that claimant's carpal
tunnel syndrome constituted a "disease" within the meaning of an
occupational disease under the Workers' Compensation Act.
However, because employer did not appeal this finding, it is
binding and conclusive upon this Court.

and not causally related to other factors . . . is a finding of fact." Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 12, 365 S.E.2d 782, 788 (1988). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

An occupational disease is one "arising out of and in the course of employment." Code § 65.2-400(A). "A disease shall be deemed to arise out of the employment" when the evidence establishes six elements. Code § 65.2-400(B). Elements (1) and (6) require evidence showing "[a] direct causal connection between the conditions under which work is performed and the occupational disease" and that the disease "had its origin in a risk connected with the employment and flowed from that source as a natural consequence . . . ." Code § 65.2-400(B)(1) and (B)(6). The commission found that claimant failed to establish a compensable occupational disease under the requirements of Code § 65.2-400.

In denying claimant's application, the commission found as follows:

> The most positive evidence regarding causation presented by the claimant in this case is Dr. [Hugo A.] Davalos' interrogatory response, through which he agrees only that the carpal tunnel syndrome is "directly related to the nature of the claimant's employment." There is no evidence in this case that the carpal tunnel syndrome was proximately caused by that work.

2

The commission, in its role as fact finder, was entitled to give little weight to Dr. Davalos' opinion where he failed to state with any degree of reasonable medical certainty that claimant's employment caused her carpal tunnel syndrome. As the commission correctly noted, the fact that claimant's carpal tunnel syndrome may have been related to the nature of her work is not sufficient to show that it had its origin in a risk connected to her employment. The record also showed that Dr. Royfe did not render an opinion on causation and Dr. J. Mark Evans opined that claimant's carpal tunnel syndrome was not caused by her employment.

Based upon the absence of any persuasive medical opinion that claimant's work caused her carpal tunnel syndrome, claimant did not prove as a matter of law a compensable occupational disease pursuant to the requirements of Code § 65.2-400. Thus, the commission did not err in denying her application based upon a finding that she did not prove that her condition was caused by her employment or that it had its origin in a work-connected risk.

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>

3