COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

OWEN RILEY BOONE, M.D.

MEMORANDUM OPINION[*]

v.    Record No. 0031-96-4          PER CURIAM
                                    AUGUST 6, 1996

LOUDOUN SURGICAL ASSOCIATES, LTD./
 THE VIRGINIA INSURANCE RECIPROCAL

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Owen Riley Boone, pro se, on briefs).

(John E. McIntosh, Jr.; Crews & Hancock, on
brief), for appellees.


Owen Riley Boone ("claimant") contends that the Workers'
Compensation Commission ("commission") erred in finding that he
failed to prove that his depression and post-traumatic stress
syndrome were caused by either (1) an injury by accident arising
out of and in the course of his employment; or (2) an ordinary
disease of life related to conditions peculiar to his employment.
 Upon reviewing the record and the briefs of the parties, we
conclude that this appeal is without merit.  Accordingly, we
summarily affirm the commission's decision.  Rule 5A:27.

I.  Injury by Accident

"To be compensable as an injury by accident, a purely
psychological injury must be causally related to a physical
injury or causally related to an obvious sudden shock or fright
arising in the course of employment."  Chesterfield County Fire

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Dept. v. Dunn, 9 Va. App. 475, 477, 389 S.E.2d 180, 182 (1990).

Moreover, "purely psychological disability resulting from disagreements over managerial decisions and conflicts with supervisory personnel that cause stressful consequences . . . ordinarily are not compensable." Teasley v. Montgomery Ward & Co., 14 Va. App. 45, 49, 415 S.E.2d 596, 598 (1992). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding that claimant failed to prove a compensable injury by accident, the commission found as follows:

> [T]he notification of nonrenewal of a malpractice insurance policy, standing alone, or viewed in conjunction with a subsequent request for copies of medical records, is not the type of incident previously held by the Commission to engender a "sudden shock or fright . . ." Both of these incidents, which can be stressful, can reasonably be anticipated in the normal course of business and cannot be viewed as being so shocking as to rise to the level of compensability under § 65.2-101. We further note that the claimant received the letter requesting copies of medical records at least one month after he received his insurance cancellation notice. These events cannot be viewed as a single specific incident.

It was undisputed that claimant's psychological condition was not the result of a physical injury. Moreover, the record supports the commission's factual findings which are binding upon appeal. These factual findings support the commission's

2

conclusion that claimant's evidence did not rise to the level required to prove that his purely psychological injury was compensable as an injury by accident.

## II. Occupational Disease

A claimant must prove the existence of an occupational disease by a preponderance of the evidence. Virginia Dept. of State Police v. Talbert, 1 Va. App. 250, 253, 337 S.E.2d 307, 308 (1985). Moreover, one seeking to establish that an ordinary disease of life is employment-related, and should be treated as an occupational disease, bears the burden of producing clear and convincing evidence in support of that claim. Code § 65.2-401. Claimant does not contest the commission's determination that the ordinary disease of life burden applied to his depression with post-traumatic stress disorder.[1]

Code § 65.2-401 requires that for an ordinary disease of life to be treated as an occupational disease, a claimant must establish, by clear and convincing evidence, to a reasonable degree of medical certainty, that it arose out of and in the course of employment, as provided in Code § 65.2-400, and did not result from causes outside of the employment. Code § 65.2-400 defines an occupational disease as one "arising out of and in the course of employment." Furthermore, the statute provides that

---

[1]The commission assumed, without deciding, that claimant's depression with post-traumatic stress disorder constituted a "disease" under the Workers' Compensation Act. Because employer did not appeal this finding, it is final and binding upon this Court on appeal.

3

"[a] disease shall be deemed to arise out of the employment" when the evidence establishes six elements. Id. Element (3) requires that the disease "is characteristic of the employment and was caused by conditions peculiar to such employment." "Whether a disease is causally related to the employment and not causally related to other factors is . . . a finding of fact." Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 12, 365 S.E.2d 782, 788 (1988).

The commission found that claimant's evidence failed to prove the necessary causal link between his psychological condition and his employment. This finding is supported by the records and opinions of Drs. C. Gibson Dunn and Brian Schulman, psychiatrists.

Dr. Dunn's medical reports refer to numerous stressors in claimant's life, including long-standing personal conflicts with his partner, Dr. Thomas Gates, which would not lead to compensability, anxiety because of his wife's reaction to the prospect of his retiring, feelings of having been abused by the malpractice insurance system, anxiety because of his siblings' health problems, and claimant's own anxiety over whether he should retire or quit. The notations contained in these records support the commission's finding that claimant did not prove by clear and convincing evidence that his condition was primarily caused by his employment. The record showed that claimant had numerous sources of stress in his life that may have contributed

4

to his condition.  In fact, Dr. Dunn stated in his deposition that claimant's psychological condition was not characteristic of or peculiar to his work as a surgeon.

After performing a comprehensive psychiatric examination of claimant on May 23, 1995 and reviewing the records of Dr. Dunn, Dr. Schulman opined that "[t]here is no substantive medical evidence that Dr. Boone's depression was specifically caused by conditions of his employment or exposure to any specific psychosocial or occupational stressor."

Based upon this record, we cannot say as a matter of law that claimant's evidence sustained his burden of proving by clear and convincing evidence that his depression with post-traumatic stress syndrome arose out of and in the course of his employment pursuant to the requirements of Code § 65.2-401.For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>