COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

DELMA T. JAMISON

v.          Record No. 1161-96-3          MEMORANDUM OPINION*
                                                    PER CURIAM
SEARS ROEBUCK & COMPANY                    JANUARY 7, 1997
AND
LUMBERMENS MUTUAL CASUALTY COMPANY

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Delma T. Jamison, pro se, on brief).

            (Gregory T. Casker; Daniel, Vaughan, Medley &
            Smitherman, on brief), for appellees.


        Delma T. Jamison (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that she

failed to prove she suffered (1) an injury by accident arising

out of and in the course of her employment on October 22, 1993,

or (2) an occupational disease causally related to her

employment.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

                                I.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

order to carry [her] burden of proving an 'injury by accident,' a claimant must prove that the cause of [her] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Claimant testified that on three occasions, including October 22, 1993, she felt a pull in her left knee as she lifted a forty-pound battery at work. Claimant's supervisor testified that claimant complained about lifting batteries but never reported a specific incident to him. Employer's personnel department representative testified that claimant did not report her alleged October 1993 back injury until December 8, 1993.

Dr. Arthur F. Carter's medical records reflect that claimant's knee symptoms began in December 1992. Dr. Carter diagnosed internal derangement of the left knee and performed arthroscopic surgery on claimant's left knee on May 20, 1993. Dr. Carter's October 22, 1993 office notes indicate that he treated claimant on that date. However, the notes do not contain any history of an injury caused by lifting a battery on that date. Rather, Dr. Carter's notes indicate that claimant complained of pain in both legs and of dragging and weakness in

2

her left knee. Dr. Carter diagnosed sciatica and synovitis of the left ankle.

Claimant returned to Dr. Carter on November 8, 1993 and November 29, 1993, complaining of pain radiating from her ankle up her left leg, pain radiating from her neck to her shoulders, numbness in her calf, and "knee pops." Dr. Carter's office notes for these dates do not report an accident occurring on October 22, 1993 nor do they causally relate claimant's symptoms to an incident at work. Likewise, in his office notes dated January 4, 1994 and February 4, 1994, Dr. Carter did not report a work-related incident nor did he relate claimant's symptoms to her employment.

The commission found that claimant, who had suffered from continuing discomfort in her left leg and knee since at least December 1992, failed to prove she sustained a new injury on October 22, 1993. Based upon this record, we cannot say as a matter of law that claimant's evidence sustained her burden of proving a compensable injury by accident.

## II.

A claimant must prove the existence of an occupational disease by a preponderance of the evidence. Virginia Dep't of State Police v. Talbert, 1 Va. App. 250, 253, 337 S.E.2d 307, 308 (1985). An occupational disease is one "arising out of and in the course of employment." Code § 65.2-400(A). "A disease shall be deemed to arise out of the employment" when the evidence

3

establishes six elements.  Code § 65.2-400(B).  Elements (1) and (6) require evidence showing "[a] direct causal connection between the conditions under which work is performed and the occupational disease" and that the disease "had its origin in a risk connected with the employment and flowed from that source as a natural consequence . . . ."  Code § 65.2-400(B)(1) and (B)(6).

No medical evidence established that claimant suffered from a disease which arose out of and in the course of her employment. Accordingly, we cannot say as a matter of law that claimant met her burden of proof.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

4