COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Elder and Fitzpatrick

NED N. CARY, JR.

v.   Record No. 0781-97-1                      MEMORANDUM OPINION[*]
                                                   PER CURIAM
ANHEUSER BUSCH                                   JULY 8, 1997
AND
CIGNA INSURANCE COMPANY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Ned N. Cary, Jr., pro se, on brief).

No brief for appellees.


Ned N. Cary, Jr. (claimant) contends that the Workers' Compensation Commission (commission) erred in finding that he failed to prove he sustained an occupational disease arising out of and in the course of his employment with Anheuser Busch (employer). Upon reviewing the record, opening brief, and employer's motion to dismiss, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

A claimant must prove the existence of an occupational disease by a preponderance of the evidence. See Virginia Dep't of State Police v. Talbert, 1 Va. App. 250, 253, 337 S.E.2d 307, 308 (1985). "Whether a disease is causally related to the employment and not causally related to other factors . . . is a finding of fact." Island Creek Coal Co. v. Breeding, 6 Va. App.

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

1, 12, 365 S.E.2d 782, 788 (1988). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Claimant began working for employer in 1980. In 1987, claimant had a conversion experience to Christianity and became an ordained minister. Thereafter, he refused to sign a consent form to be drug tested and he refused psychological testing. Employer terminated claimant from his employment on May 4, 1992. Before the commission, claimant contended that he was terminated due to his religious beliefs and that employer considered his Christianity a disease which required treatment. Thus, claimant sought compensation for the occupational disease of Christianity. The commission found that claimant's evidence failed to establish a compensable occupational disease.

An occupational disease is one "arising out of and in the course of employment." Code § 65.2-400(A). "A disease shall be deemed to arise out of the employment" when the evidence establishes six elements. Code § 65.2-400(B). Elements (2) and (6) require evidence showing "[a] direct causal connection between the conditions under which work is performed and the occupational disease" and that the disease "had its origin in a risk connected with the employment and flowed from that source as a natural consequence . . . ." Code § 65.2-400(B)(1) and (B)(6).

2

Here, no medical evidence established that claimant suffered from a disease which was caused by his employment and which had its origin in a risk connected with claimant's employment as required by Code § 65.2-400. Consequently, we cannot find as a matter of law that claimant's evidence sustained his burden of proving a compensable occupational disease.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>