COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


PHILLIP A. CARPER
                                        MEMORANDUM OPINION*
v.    Record No. 1442-99-4                  PER CURIAM
                                         FEBRUARY 15, 2000
NATIONAL WILDLIFE FEDERATION AND
 NORTHBROOK PROPERTY & CASUALTY
 INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (James A. Klenkar; Hall, Monahan, Engle,
            Mahan & Mitchell, on brief), for appellant.

            (Christopher R. Costabile; Ollen, Carleton,
            Evans & Wochok, on brief), for appellees.


     Phillip A. Carper (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that he

failed to prove that his asthma constituted a compensable

occupational disease.  Upon reviewing the record and the briefs

of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     A claimant must prove the existence of an occupational

disease by a preponderance of the evidence.  See Virginia Dep't

of State Police v. Talbert, 1 Va. App. 250, 253, 337 S.E.2d 307,

308 (1985).  Unless we can say as a matter of law that

_____
        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission treated claimant's asthma as an ordinary disease of life pursuant to Code § 65.2-401.  Claimant did not challenge that classification.

For an ordinary disease of life to be treated as a compensable occupational disease, claimant had to prove, by clear and convincing evidence, to a reasonable degree of medical certainty, that his asthma arose out of and in the course of his employment, did not result from causes outside of his employment, was characteristic of his employment, and was caused by the conditions peculiar to his employment.  See Teasley v. Montgomery Ward & Co., Inc., 14 Va. App. 45, 49-50, 415 S.E.2d 596, 598 (1992); see also Code § 65.2-401.

In ruling that claimant failed to carry his burden of proof, the commission found as follows:

> While Dr. [B. Franklin] Lewis, on October 20, 1997, indicated that the claimant had occupational asthma from his recent employment, a review of his office notes fails to indicate any specific exposure that the claimant had.  There is no mention of solvents or bronze dust as the claimant testified.  In fact, his notes merely reflect that the claimant suspected it is the work that is causing the condition but specifically noted he could not pinpoint any source of irritation at work.  While the report of Dr. [Thomas J.] LoRusso does

-

indicate exposure to bronze dust with a causal connection, this is based solely on the history provided by the claimant and the assumption that the claimant operates a bronze machine. However, the testimony at the hearing was that the claimant did not operate nor work in the bronzing machine area. He did, however, place the borders on such cards. The testimony of the claimant and Mr. Vaughan were contradictory concerning the amount of dust in the area . . . . [T]he study of the air quality failed to find sufficient particles of bronze dust or solvents in either the claimant's work area or the room where the Heidelberg press was located. We also note the various histories throughout the years concerning the claimant's wheezing when exposed to various potential allergens. The claimant did not appear to be forthright in his testimony concerning some of these previous difficulties. We also are troubled by the conflicting reports in the medical records and the claimant's testimony concerning his cigarette usage. We do note the various medical reports do note tobacco-related bronchiolitis. . . . [W]hen presented with additional information, Dr. LoRusso indicated that he could not say within a reasonable degree of medical certainty that the work exposure was the primary cause of the claimant's condition. However, some of the information provided to Dr. LoRusso was not substantiated by the record . . . . In view of the deputy commissioner's expressed reservations concerning the claimant's credibility and the record as a whole we cannot find that the [sic] a compensable occupational disease has been established.

It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). As fact finder, the commission was entitled to give

-

little probative weight to Dr. Lewis's opinion which was not supported by any indication in his medical records that claimant had been exposed to any specific substance.  In addition, the commission was entitled to discount Dr. LoRusso's opinion in light of the conflicts between his report and the witnesses' testimony and Dr. LoRusso's uncertainty in his opinion when confronted with additional information.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that the evidence sustained claimant's burden of proof. Accordingly, we affirm the commission's decision.

Affirmed.

-