COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


RANDOLPH CAMPBELL (DECEASED)
 BY MARY CAMPBELL (WIDOW)
                                      MEMORANDUM OPINION*
v.    Record No. 2944-00-3              PER CURIAM
                                        JULY 17, 2001
RUBATEX CORPORATION AND
 TWIN CITY FIRE INSURANCE


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Mary Campbell, pro se, on brief).

            (Richard D. Lucas; Carter, Brown & Osborne,
            P.C., on brief), for appellees.


        Randolph Campbell (deceased) by his widow, Mary Campbell

(claimant) contends that the Workers' Compensation Commission

erred in finding that claimant failed to prove that the deceased

employee's Multiple Systems Atrophy ("MSA") constituted an

occupational disease or a compensable ordinary disease of life

causally related to his employment.  Pursuant to Rule 5A:21,

employer raises the additional questions of whether (1) the

February 3, 1995 claim should have been dismissed because it was

anticipatory when filed; (2) the claim should have been

dismissed because the deceased's date of communication, October

4, 1999, was not within five years of his last injurious

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

exposure; and (3) claimant would be barred from receiving benefits, even if she prevailed, since no medical benefits were incurred within fifteen days of the date of communication and there was no wage loss within the fifty-two weeks preceding the date of communication. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

A claimant must prove the existence of an occupational disease by a preponderance of the evidence. See Virginia Dep't of State Police v. Talbert, 1 Va. App. 250, 253, 337 S.E.2d 307, 308 (1985). For an occupational disease to be compensable under the Act, claimant must prove "[a] direct causal connection between the conditions under which work is performed and the occupational disease." Code § 65.2-400(B)(1).

In order to prove a compensable ordinary disease of life under Code § 65.2-401, the claimant must "'establish[ ] by clear and convincing evidence, to a reasonable medical certainty, that it arose out of and in the course of the employment as provided in [Code] § 65.2-400 . . . and did not result from causes outside of the employment.'" Greif Cos. v. Sipe, 16 Va. App. 709, 714, 434 S.E.2d 314, 317-18 (1993) (quoting Code § 65.2-401). Evidence is clear and convincing when it produces in the fact finder "a firm belief or conviction as to the allegations sought to be established. It is . . . more than a

- 2 -

mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Fred C. Walker Agency, Inc. v. Lucas, 215 Va. 535, 540-41, 211 S.E.2d 88, 92 (1975) (citation omitted).

Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The record established that numerous physicians treated the deceased and reviewed his medical records. Drs. G. F. Wooten, Barrie J. Hurwitz, F. O'M. Shiel, Dennis J. Darcey, Darrell Powledge, and physicians with the National Institutes of Health could not state with any degree of reasonable medical certainty that the deceased's MSA was causally related to his exposure to chemicals at work.

Dr. William Campbell was the only physician to render an opinion that the deceased's MSA was caused by his exposure to chemicals in his workplace. However, the commission rejected Dr. Campbell's opinion that toxins produced the deceased's condition for the following reasons:

> Having examined a list of approximately 400 chemicals provided to [Dr. Campbell] by the claimant, . . . [he] was unable to identify either those chemicals to which the employee might have been exposed or the level of the

- 3 -

alleged exposures. Dr. Campbell was also unaware of the employee's duties for the employer, or what specifically was manufactured at the plant where he worked. Dr. Campbell also admitted that he did not know whether or not the employee was provided with, or even used, protective gear while working for employer. Dr. Campbell was not able to make a compound/symptom analysis with this information in 1991. He also admitted that the authors of the January 1999 article[, upon which he relied to form his opinion,] concluded only that the "possibility of a relationship" existed between MSA and chemical exposure.

Based upon the overwhelming lack of any persuasive medical evidence establishing that the deceased's MSA was causally connected to exposure to chemicals in his workplace, and in light of the lack of support for Dr. Campbell's opinion, the commission, as fact finder, was entitled to conclude that the evidence was insufficient to prove the requisite causal relationship for either an occupational disease or an ordinary disease of life.

Accordingly, we cannot find as a matter of law that claimant's evidence sustained her burden of proving a causal relationship between the deceased's employment and his MSA as either an occupational disease or a compensable ordinary disease of life.[1] Because our ruling on this issue disposes of this

---

[1] In rendering our decision, we have only considered the evidence in the record that was properly before the commission at the time of its decision.

- 4 -

appeal, we need not address the additional questions raised by employer.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>
