COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and Humphreys
Argued at Alexandria, Virginia


ALVIN WAYNE GOODWIN
                                    MEMORANDUM OPINION* BY
v.    Record No. 0810-01-4          JUDGE ROBERT J. HUMPHREYS
                                         JANUARY 29, 2002
AMHERST COUNTY SHERIFF'S OFFICE AND
 VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Michael A. Kernbach (Burgess, Locklin,
            Kernbach & Perigard, on brief), for
            appellant.

            Ralph L. Whitt, Jr. (Michael P. Del Bueno;
            Whitt & Associates, on brief), for appellees.


     Alvin Wayne Goodwin appeals a decision of the Workers'

Compensation Commission denying his claim for temporary total

disability benefits from July 10, 1995 through October 15, 1995,

and continuing medical benefits pursuant to Code § 65.2-402(B).

Goodwin contends that the commission erred in finding that

Amherst County Sheriff's Office and Virginia Municipal Group

Self-Insurance Association ("employer") rebutted the presumption

that his heart disease was causally related to his job.  For the

reasons that follow, we reverse and remand.

--------

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Goodwin filed his claim for benefits on March 26, 1996, after having been hospitalized for chest pain and tightness on July 9, 1995, and undergoing double coronary bypass surgery on July 13, 1995. After a hearing on the matter, the deputy commissioner determined that Goodwin was entitled to the presumption pursuant to Code § 65.2-402, as he established that his coronary artery disease was causally related to his employment as a deputy sheriff. Nevertheless, the deputy commissioner then concluded that employer had rebutted the presumption by presenting "competent medical evidence of a non-work-related cause of [Goodwin's] heart disease," and "excluded, by a preponderance of the evidence, work-related causes of [Goodwin's] heart disease." In reaching this conclusion, the deputy commissioner relied upon the opinion of Dr. Thomas W. Nygaard, Goodwin's treating physician, as well as the expert opinions of Drs. Michael L. Hess and Stuart Seides. The deputy commissioner found that Dr. Nygaard's testimony raised only a speculative relationship between Goodwin's work and his disease and that Dr. Richard A. Schwartz's expert testimony was unpersuasive because he could not testify as to the cause of Goodwin's disease and simply identified multiple risk factors, including Goodwin's work.

On appeal, the full commission, with one dissent, affirmed the decision of the deputy commissioner, finding "the medical evidence . . . establish[ed] non-work-related causes of

[Goodwin's] disease, and that [Goodwin's] disease was not caused by his employment." In so finding, the commission relied heavily on Dr. Nygaard's testimony, as Goodwin's treating physician, and gave little weight to the opinion of Dr. Schwartz, finding that Dr. Schwartz spoke primarily in terms of stress as a "risk factor" in Goodwin's development of heart disease, as opposed to a cause or contributing factor. The commission found Drs. Hess' and Seides' opinions persuasive, "to the extent they support[ed] the conclusions of a treating physician, Dr. Nygaard."

On appeal to this Court, Goodwin contends that the commission erred in finding employer produced sufficient medical evidence to rebut the statutory presumption contained in Code § 65.2-402.

At the time Goodwin filed his claim for benefits, the relevant provisions of Code § 65.2-402 read as follows:

> § 65.2-402. Presumption as to death or disability from respiratory disease, hypertension or heart disease, cancer.
>
> *     *     *     *     *     *     *
>
> B. Hypertension or heart disease causing the death of, or any health condition or impairment resulting in total or partial disability of . . . (iv) sheriffs and deputy sheriffs, . . . shall be presumed to be occupational diseases, suffered in the line of duty, that are covered by this title unless such presumption is overcome by a preponderance of competent evidence to the contrary.

The Supreme Court of Virginia has explained that:

> [u]nder the statutory language, the employer
> may overcome the presumption by producing "a
> preponderance of competent evidence to the
> contrary."  Code § 65.2-402(B).  To overcome
> the presumption the employer must show, by a
> preponderance of the evidence, both that 1)
> the claimant's disease was not caused by his
> employment, and 2) there was a
> non-work-related cause of the disease.
> Thus, if the employer does not prove by a
> preponderance of the evidence both parts of
> this two-part test, the employer has failed
> to overcome the statutory presumption.
>
> The determination whether the employer has
> met this burden is made by the Commission
> after exercising its role as finder of fact.
> In this role, the Commission resolves all
> conflicts in the evidence and determines the
> weight to be accorded the various
> evidentiary submissions.
>
> *       *       *       *       *       *       *
>
> On appeal from this determination, the
> reviewing court must assess whether there is
> credible evidence to support the
> Commission's award.  Thus, unlike the
> Commission, the reviewing court is not
> charged with determining anew whether the
> employer's evidence of causation should be
> accorded sufficient weight to constitute a
> preponderance of the evidence on that issue.[1]

As to the first prong of the test, Goodwin argues that

Dr. Schwartz "clearly implicated the role of occupational stress

as a major risk factor" and that Dr. Nygaard "could not exclude

its contribution to the disease process stating that it was a

---

[1] Bass v. City of Richmond Police Department, 258 Va. 103,
114-15, 515 S.E.2d 557, 563-64 (1999) (internal citations
omitted).

- 4 -

secondary risk factor" in the development of Goodwin's heart disease. Goodwin also argues that under our decision in Medlin v. County of Henrico Police,[2] "there simply does not exist any medical evidence to establish [employer] has come anywhere close to rebutting the statutory presumption pursuant to Code § 65.2-402." We agree in part with Goodwin's contention.

In his October 29, 1995 letter to Goodwin's counsel, Dr. Nygaard stated that occupational stress was "a secondary cause" of Goodwin's heart disease. However, during his September 4, 1996 deposition, Dr. Nygaard testified that he could exclude Goodwin's employment as a cause of his heart disease. When confronted with the statement he made in the October 1995 letter, he conceded that his opinion to this effect was based on the idea that the cause and effect relationship between occupational stress and coronary artery disease was controversial. Similarly, Drs. Hess and Seides testified that there was no scientific merit in the theory that work as a law enforcement officer would contribute to the development of coronary artery disease.

In finding that employer had rebutted the statutory presumption, the commission relied heavily on the opinion of Dr. Nygaard, as Goodwin's treating physician, in holding that employer proved Goodwin's heart disease was not caused by "any

---

[2] 34 Va. App. 396, 542 S.E.2d 33 (2001).

job-related stress."  The commission further stated that it relied upon the opinions of Drs. Hess and Seides "to the extent that they support[ed] the conclusions of a treating physician, Dr. Nygaard."

In Medlin, an opinion released by this Court on February 27, 2001, the same day the commission issued its decision in this case, we noted that:

> Code § 65.2-402 "has long been recognized as a remedial statute, enacted by the legislature to overcome the difficulty that a [police officer] would otherwise have in proving causation." City of Norfolk v. Lillard, 15 Va. App. 424, 430, 424 S.E.2d 243, 247 (1992).  In enacting the statute, "[t]he legislature knew that the causes of . . . cardiac diseases are unknown and that the medical community is split regarding the impact of stress and work environment on these diseases." Fairfax County Fire and Rescue Services v. Newman, 222 Va. 535, 540, 281 S.E.2d 897, 900 (1981).  By enacting the statutory presumption, the General Assembly resolved the split in medical opinions in favor of the employee and adopted the presumption that the stress of working as a law enforcement officer causes or contributes to the development of heart disease.[3]

Thus, we held that "evidence that merely rebuts generally the underlying premise of the statute, which establishes a causal

---

[3] Id. at 406-07, 542 S.E.2d at 38 (additional citations omitted).

- 6 -

link between stress and heart disease, is not probative evidence for purposes of overcoming the presumption."[4]

Contrary to employer's assertion otherwise, Medlin is a correct statement of the law in Virginia. Moreover, employer incorrectly asserts that Medlin does not apply to treating physicians. Our decision in Medlin clearly precludes the commission from relying on evidence from any source, whether a treating physician or non-treating medical expert, which merely serves to rebut the underlying premise of the statute. However, the decision does not bar the commission from considering those portions of the expert testimony offered which do not attack the premise of the statutory presumption, but instead offer evidence concerning the patient and/or claimant at issue.[5] Finally, the Medlin decision does not serve to bar employers from relying on physicians who testify as to the most current and authoritative medical findings.[6] First, as long as the current and authoritative medical findings apply to the claimant and his/her particular condition, physicians are free to rely on such findings and testify accordingly. Further, to the extent that

_____

[4] Id. at 407, 542 S.E.2d at 39.

[5] Id.

[6] In support of this argument, employer has attached an article from the New England Journal of Medicine to its brief on appeal. However, as this article was not presented as evidence below, we do not consider it for purposes of appeal.

- 7 -

such findings generally negate the statutory presumption created by the legislature, employers are free to seek an appropriate remedy from the General Assembly.  In the meantime, it is the role of this Court to interpret legislation, not to create or change it by judicial fiat.[7]  We therefore find that the commission erred in relying on the opinions of Drs. Nygaard, Seides and Hess, to the extent that they opined, in general, that there is no scientific link between occupational stress and heart disease.  Because the weight the commission assigned to these portions of the medical opinions in reaching its decision is unclear, we remand this matter to the commission to determine whether employer has sufficiently rebutted the presumption in light of the remaining probative evidence in this case.[8]

Because we remand this matter to the commission for reconsideration of its decision in light of our holding in Medlin, we do not address the remaining issues raised by appellant.

---

[7] See Dionne v. Southeast Foam Converting & Pkg., 240 Va. 297, 304, 397 S.E.2d 110, 114 (1990) ("Once the legislature has acted, the role of the judiciary 'is the narrow one of determining what [the legislature] meant by the words it used in the statute.'" (quoting Diamond v. Chakrabarty, 447 U.S. 303, 318 (1980))).

[8] See Virginia Dept. of State Police v. Talbert, 1 Va. App. 250, 253, 337 S.E.2d 307, 308 (1985) ("We do not review the weight or preponderance of the evidence nor the credibility of the witnesses, except to consider whether there exists sufficient credible evidence to sustain the findings.").

Accordingly, we reverse the decision of the commission and remand.

Reversed and remanded.
