COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bumgardner and Agee
Argued at Alexandria, Virginia


METROPOLITAN WASHINGTON AIRPORTS
 AUTHORITY AND HARTFORD UNDERWRITERS
 INSURANCE COMPANY
                                      MEMORANDUM OPINION* BY
v.    Record No. 2790-01-4         JUDGE JAMES W. BENTON, JR.
                                          AUGUST 13, 2002
PATRICK J. BAILEY


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             Benjamin J. Trichilo (Trichilo, Bancroft,
             McGavin, Horvath & Judkins, P.C., on briefs),
             for appellants.

             Michael A. Kernbach (Burgess, Locklin,
             Kernbach & Perigard, PLLC, on brief), for
             appellee.


     The Workers' Compensation Commission entered an award on

behalf of Patrick J. Bailey, based upon its findings that his

employer, the Metropolitan Washington Airports Authority, failed

to rebut the presumption under Code § 65.2-402 that Bailey's

hypertension and heart disease were compensable as occupational

diseases.  We affirm the commission's award.

                                I.

     The evidence proved that Bailey was employed as a

firefighter for the Authority.  On October 14, 1991, Bailey

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

visited his doctor and reported rapid heartbeats with palpitations. On October 19, 1991, after engaging in a disaster drill and then responding to an emergency medical call, Bailey began to experience chest tightness and an accelerated heart rate. He was taken to a hospital emergency room for treatment and later received a diagnosis of hypertension and heart disease.

We do not recite in minute detail the evidence because the commission's opinion extensively recites the evidence in the record and analyzes the reports of the physicians who treated Bailey and those who reviewed Bailey's medical records. Significantly, the commission noted "the deputy commissioner . . . found . . . that [Bailey] did suffer from both hypertension and supraventricular tachycardia and that he was entitled to the statutory presumption that his condition was causally related to his employment." The commission ruled that "[t]hese findings were not appealed, and they are now the law of the case." The record supports those findings and the commission's ruling.

## II.

The Authority does not dispute that Bailey is within the category of employees entitled to the benefit of the statutory presumption of occupational disease for a disability resulting from hypertension and heart disease. Rather, the Authority contends it rebutted the statutory presumption, the commission

- 2 -

applied an erroneous legal standard, and the award is not supported by the evidence.

In pertinent part, Code § 65.2-402(B) provides as follows:

> Hypertension or heart disease causing . . . any health condition or impairment resulting in total or partial disability of . . . firefighters . . . shall be presumed to be occupational diseases, suffered in the line of duty, that are covered by this title unless such presumption is overcome by a preponderance of competent evidence to the contrary.

"To overcome the presumption the employer must show, by a preponderance of the evidence, both that (1) the claimant's disease was not caused by his employment, and (2) there was a non-work-related cause of the disease." Bass v. City of Richmond Police Department, 258 Va. 103, 114, 515 S.E.2d 557, 562-63 (1999).

Our review of the commission's decision is governed by well established principles. As a fundamental principle, the Act provides that "[t]he award of the Commission . . . shall be conclusive and binding as to all questions of fact." Code § 65.2-706(A). Thus, we are guided by the following rules:

> On appeal from [a] determination [that the employer has failed to overcome the statutory presumption], the reviewing court must assess whether there is credible evidence to support the Commission's award. Thus, unlike the Commission, the reviewing court is not charged with determining anew whether the employer's evidence of causation should be accorded sufficient weight to constitute a preponderance of the evidence on that issue.

_Id._ at 115, 515 S.E.2d at 563.  These rules apply with equal force to questions raised by competing medical opinions because "a question raised by 'conflicting expert medical opinions' is 'one of fact.'"  Eccon Constr. Co. v. Lucas, 221 Va. 786, 790, 273 S.E.2d 797, 799 (1981); Virginia Dep't of State Police v. Talbert, 1 Va. App. 250, 253, 337 S.E.2d 307, 308 (1985).  "[A]s finder of fact . . . , the commission resolves all conflicts in the evidence and determines the weight to be accorded the various evidentiary submissions."  Bass, 258 Va. at 114, 515 S.E.2d at 563.

### III.

In regard to Bailey's hypertension, the commission reviewed all the medical evidence and made findings concerning each of the physician's diagnoses and conclusions.  For example, Dr. Holland reported Bailey's hypertension was "systemic hypertension of unknown cause."  One of Dr. Israel's reports described it as "hypertension of uncertain cause."  Analyzing the substance of each physician's report, the commission found "from this evidence that the etiology or cause of essential or systemic hypertension is unknown, and opinions suggesting a cause are conjectural at best."  These findings are supported by credible evidence in the record.

The commission further "f[ou]nd that the 'conclusions' of these physicians identifying [Bailey's] family history, obesity, and high cholesterol as causative factors to be considered are

- 4 -

offered only as possible risk factors, and they are not probative to rebut the presumption as to a non-work-related cause." Indeed, the reports variously contain references to heritage, family history, and risk factors. We have previously held that "the showing of 'risk factors' alone does not rebut the statutory presumption and does not establish competent medical evidence of a non-work-related cause of the disabling disease." City of Norfolk v. Lillard, 15 Va. App. 424, 429, 424 S.E.2d 243, 246 (1992). Thus, the evidence in the record supports the commission's findings that the Authority failed to establish a non-work-related cause for Bailey's hypertension.

In addition to finding the evidence did not establish a non-work-related cause of Bailey's hypertension, the commission also found the evidence failed to prove Bailey's hypertension was not caused by his employment. The commission specifically found unpersuasive the general conclusions of Dr. Seides, Dr. Holland, and Dr. Israel that work stress does not cause hypertension. In so finding, the commission relied in part upon Medlin v. County of Henrico Police, 34 Va. App. 396, 542 S.E.2d 33 (2001). We hold that the commission did not err in doing so and in finding unpersuasive the physicians' general denials that employment can be related to stress and heart disease. See id. at 407, 542 S.E.2d at 38. The commission also noted, however, that none of those physicians were aware of the extent to which

- 5 -

Bailey was exposed to stress in his occupation.  These findings are supported by credible evidence.

Likewise, the commission reviewed each of the physician's reports concerning Bailey's tachycardia.  The deputy commissioner found that the medical evidence was sufficient to prove superventricular tachycardia.  Indeed, Dr. O'Brien clearly makes that diagnosis.  Although the commission noted that the Authority did not appeal this finding, the commission reviewed the medical evidence and accorded greater weight to Dr. O'Brien's diagnosis and discounted entirely the reports of Dr. Seides, Dr. Holland, and Dr. Israel, which denied that Bailey had superventricular tachycardia.  When the commission rejected the premise of the reports of these three doctors, i.e., that Bailey did not have superventricular tachycardia, the commission logically could find that those reports necessarily failed to prove a non-work-related cause for Bailey's superventricular tachycardia.  Credible evidence supports that finding.

In addition, the commission logically could find and did find that the same medical reports, which denied even the existence of superventricular tachycardia, also failed to prove Bailey's superventricular tachycardia was not caused by his work.  The record contains credible evidence to support this finding.

In summary, the principle is well established that "[t]he probative weight to be accorded [medical] evidence is for the Commission to decide; and if it is in conflict with other medical evidence, the Commission is free to adopt that view 'which is most consistent with reason and justice.'" C.D.S. Const. Services v. Petrock, 218 Va. 1064, 1071, 243 S.E.2d 236, 241 (1978). The record contains credible evidence to support each of the commission's findings. Accordingly, we affirm the commission's award of benefits.

Affirmed.